MARY HYACINTH GIANNATASIO *vs.* LAWRENCE F. NEALON.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 5th, 1933—decided January 2d, 1934.

*Harry M. French,* with whom was *Daniel H. Cotter,* and, on the brief, *Arthur B. O'Keefe,* for the appellant (defendant).

*A. L. J. Scanzillo,* for the appellee (plaintiff).

PER CURIAM. The defendant seeks to add many statements to the finding, but most of them are in the form of brief summaries of the testimony of particular witnesses, and would have no proper place in it. With such changes and additions as can properly be made, the finding presents the following situation: The plaintiff was walking southerly on the west side of Main Street in Bridgeport. About thirty-five feet northerly of the corner of Charles Street she looked up and down Main Street and saw no cars approaching from either direction. She started to walk directly across

the street at a natural gait, and when she had gone about twelve feet she looked to the south and then saw the defendant's car approaching some four hundred feet away. She had plenty of time to cross the street had the defendant's car been operated in a reasonable manner. She did not look again to the south. As she reached the most easterly rail of the double trolley tracks in the street, about twenty-three feet from the point where she had looked, she was struck by the automobile driven by the defendant. The day was clear and there was nothing to prevent the plaintiff and defendant from seeing each other. The defendant was driving his car in a northerly direction, straddling the easterly trolley rail, at a fast speed, about forty miles an hour, and increased his speed a little as he crossed Charles Street. Just before the accident he heard a noise at the curb and turned his attention to it, and when he looked back to the street it was too late to avoid striking the plaintiff. Although he saw the plaintiff crossing the street he did not slacken his speed, change his course or give any warning of his approach. The defendant was infirm and his eyesight very defective, and these conditions were the real cause of the accident. The conclusion of the trial court that the defendant was negligent is so clearly supported by the facts found as not to justify discussion. Nor can we hold that the plaintiff was guilty of contributory negligence as matter of law. *Porcello* v. *Finnan,* 113 Conn. 730, 156 Atl. 863; *Catricola* v. *Hayes,* 114 Conn. 716, 157 Atl. 271.

There is no error.