CATHERINE KELLY
vs.
DOMINICO DEVITTORIO

Superior Court      New Haven County      File #46093

Present:   Hon. ALLYN L. BROWN, Judge.

William Bree,                   Attorney for the Plaintiff.

Martin Gormley,                 Attorney for the Defendant.

## MEMORANDUM FILED MAY 21, 1935

BROWN, J. In this action for damages for personal injuries sustained by the plaintiff as she was walking easterly across Campbell Avenue just north of its intersection with Crown Street in New Haven on the evening of November 18, 1934, in consequence of being knocked down by the defendant's automobile which he was driving northerly on said Avenue, I am entirely satisfied upon the evidence that the defendant was negligent. The Avenue is 42 feet wide between curbs and the most easterly rail of the double trolley tracks 15½ feet from the easterly curb. The plaintiff as she crossed either on or just north of the cross-walk along the north side of Crown Street, had reached the most easterly rail when the defendant first saw her. He was then driving his car at a point to the south of Court Street and half way between the most easterly rail and the east curb at a speed of about 25 miles per hour. The defendant thereafter continued to operate his car at approximately the same speed without changing its course, and without observing the plaintiff further, or paying any attention to where she was or what she was doing, until his right head-light struck her and threw her to the roadway at a point near the east curb and some fifty feet north of the north-easterly curb corner of the two streets.

The plaintiff who had crossed from the north-westerly curb corner, before leaving the curb looked south and saw the lights of approaching autos a block or more away, and judged that she had plenty of time to cross in safety. She then walked straight across and did not look again to the south until the defendant's car loomed up about 10 feet away. She tried to hurry on across but was struck before she could escape. Under such circumstances whether the plaintiff as contributorily negligent is a question of fact for the trier. Perry vs. Haritos, 100 Conn. 476, 479; Porcello vs. Finnan, 113 Conn. 730, 732; Catricola vs. Hayes, 114 Conn. 716, 717; Giannatasio vs. Nealon, 117 Conn. 696, 697. It is my conclusion that she was not, and that the defendant's negligence was the proximate cause of the accident and her injuries.

The plaintiff is 56 years of age. She suffered a crack, or fracture without dislocation, of the right fibula about 4 inches below its top; a laceration of the right forehead about 1½ inches long slightly below the hair line, body and leg con-

tusions, abrasions of both knees, and consequent pain, suffering and shock. The scar on the forehead is the only permanent injury, though the plaintiff is still troubled with an aggravated arthritic condition of the left knee in consequence of the accident. After 12 days in the hospital the plaintiff was discharged and has been having physio-therapy treatment since. I find $1,100.00 to be fair compensation for the foregoing injuries. She is further entitled to recover the following items of special damage: hospital bill $110.90, doctors' bills $167, household assistance $44, Miss Stuart for treatment $37.50, glasses $14 and damage to clothing $23., a total of $396.40.

Judgment may be entered for the plaintiff to recover of the defendant $1,496.40 damages, plus costs.