CECIL ENGLAND AND W. HARRY ENGLAND vs. WATKINS BROTHERS, INCORPORATED.

Maltbie, C. J., Hinman, Banks, Avery and Brown, Js.

Argued April 8th—decided July 10th, 1936.

(1)

*James W. Carpenter,* for the appellant (defendant).

*William M. Harney,* with whom was *Norman Yellin,* for the appellees (plaintiffs).

AVERY, J.   On December 19th, 1933, at about 12.15 p.m., on East Center Street in or near its intersection with Spruce Street in the town of Manchester, a collision occurred between an automobile driven by the plaintiff and a truck owned by the defendant and operated by its servant.   The plaintiff received injuries which he claimed were due to the negligence of the driver of the truck.   The case was tried to the jury and a verdict returned in favor of the plaintiff.   The trial court denied the defendant's motion to set aside the verdict and the defendant has appealed, claiming errors in the denial of this motion, in the charge of the court, and in its refusal to charge in several respects as requested.

Viewing the evidence in the light most favorable to the plaintiff, the jury might reasonably have found the facts as follows: East Center Street, which runs approximately east and west, is intersected in the south at right angles but not crossed by Spruce Street, and about three hundred feet east Hamlin Street parallels Spruce.   East Center Street is straight and has a maca-

dam pavement thirty feet in width with a five foot shoulder on the north side. On the southerly side, the macadam pavement extends to the curb. Spruce Street is twenty-seven feet in width from curb to curb. At the intersection is a manhole cover approximately one and one-half feet in diameter and about eight and one-half feet north of the southerly curb line of East Center Street extended and about eight and three-quarters feet west of the east curb line of Spruce Street extended. There is a tree about two feet in diameter located west of Spruce and south of East Center Street, about fifty feet southwest of the center of the intersection.

The plaintiff, an experienced driver, operating a Ford car, entered East Center Street, about seven blocks east of Spruce, and into a line of traffic proceeding westward at approximately twenty-five miles an hour. Two cars were ahead of him; the one immediately ahead was a sedan and preceding that was the defendant's Reo truck, operated by defendant's agent in the course of his employment. The cars were proceeding substantially in a straight line, two or three feet to the right of the center line of East Center Street. The plaintiff's car and the two ahead were about evenly spaced, two or three lengths apart. At a point about half way between Hamlin and Spruce Streets, the speed was decreased to about fifteen to twenty miles an hour and the space between the cars was lessened to that of one and one-half car lengths. At that time, the defendant's truck turned slightly to the right so that its right side was on the shoulder of the highway north of the traveled portion of the street. As the truck approached the easterly side of the intersection, its speed was further decreased to about ten miles an hour and when it was about forty feet east of Spruce Street the sedan immediately ahead of plain-

tiff's automobile turned out to the left, passed the truck and continued on its way. As the sedan started to pass, the plaintiff did likewise, increasing his speed to about twenty-five miles an hour, and continued at substantially that rate until the collision occurred.

When the hood of the plaintiff's car drew abreast of the hood of the truck near the easterly curb line of Spruce Street, the truck, for the purpose of being driven into Spruce Street, was turned sharply to the left and into the path of plaintiff's car. When the plaintiff observed the left turn being made by the truck he also turned sharply to the left to avoid the impact but struck the truck a glancing blow, and the plaintiff's automobile mounted the curb on the southwesterly corner of the intersection and struck the tree. The front of the car was demolished and the plaintiff was seriously injured. Before turning to the left, defendant's operator made no attempt to determine what vehicles might be approaching from his rear except to glance into a rear vision mirror located on the front fender. Because of its position, this mirror would disclose only the fender of a car in the rear if it was in a straight line. The operator, before turning, gave no signal by hand of his intention to do so prior to the time that the plaintiff's car was abreast of the truck. When the truck came to a stop after the collision, its left front wheel was about eight inches northwest of the manhole. If the jury found these to be the facts, they might reasonably have concluded that the operator of defendant's vehicle was negligent in turning as he did without giving a proper signal and in failing to keep a reasonable lookout to see whether any vehicle was approaching from the rear.

The defendant claimed that the plaintiff was guilty of contributory negligence in that he disregarded the rule of the road (General Statutes, § 1639) which re-

quires one when within an intersection to keep to the right of the center of the highway upon which he is proceeding. The evidence is that the line of cars was proceeding two or three feet to the right of the center line of East Center Street. When the car ahead of that of the plaintiff was about forty feet from the intersection, it swung out to the left and passed the truck, and the plaintiff started to do likewise, increasing his speed. The plaintiff testified that when the truck started to turn, the hood of the plaintiff's car was abreast of the hood of the truck and the plaintiff's car was then between one-quarter and one-half way through the intersection. The impact between the cars was very slight, the right front fender and possibly the right front wheel of the plaintiff's car collided with the left front fender and left front wheel of the truck. After the impact, the truck turned slightly back to the right and stopped quickly.

The plaintiff did not give any precise statement as to the position of his car at the time of the accident, but he did testify that the car which first passed the truck was astride the center line of the street as it did so and that he followed directly after; also that he was "astride the center line or over further to the right." On the other hand, the driver of the truck and the helper riding with him definitely placed the front of the truck as across the center line when the collision occurred, close to the manhole, which was about six and one-half feet southerly of that line. A police officer testified that the front of the truck after it came to a stop was about eight inches northwest of the manhole and that brake marks behind it, running almost east and west, were about the center of the street. An apparently disinterested witness testified that the truck, after the accident, was at about the center of the highway. As the collision between the

car and the truck was very slight, the course of the car must have been to the south of the front of the truck. Upon the evidence, the jury could not reasonably have concluded otherwise than that the collision occurred in the intersection and that the plantiff's automobile was being driven through the intersection to the left of the center line of East Center Street in violation of the statute. This conduct upon the part of the plaintiff was negligence. *Coner* v. *Chittenden,* 116 Conn. 78, 81, 163 Atl. 472; *Andrew* v. *White Bus Line Corp.,* 115 Conn. 464, 466, 161 Atl. 792; *Murphy* v. *Way,* 107 Conn. 633, 637, 141 Atl. 858; *Pietrycka* v. *Simolan,* 98 Conn. 490, 495, 120 Atl. 310. The breach of the rule of the road by the plaintiff and the collision with defendant's truck were practically simultaneous. The contributory negligence of the plaintiff thus continued "down to the very moment of the accident." *Worden* v. *Anthony,* 101 Conn. 579, 585, 126 Atl. 919. The jury could not reasonably have concluded that the negligence of the plaintiff was not a substantial factor in producing his damage. It follows that the verdict of the jury should have been set aside and the court erred in denying defendant's motion to that effect.

The claimed errors in the charge of the court to the jury are not of a character which would be apt to occur upon a retrial of the case, and discussion of them therefore would accomplish no useful purpose. There is one matter, however, which deserves mention. The appellant seeks to have added to the statement in the finding of the facts which the plaintiff offered evidence to prove and claimed to have proved certain circumstances culled from the testimony offered by him. A party, while vouching for the general credit of witnesses he calls, is not bound by every statement of fact made by them. *Wells* v. *Lavitt,* 115 Conn. 117, 120, 160 Atl. 617; *Weiner* v. *Loew's Enterprises, Inc..* 120

Conn. 581, 584, 181 Atl. 921. That witnesses called by a party have stated certain facts does not ordinarily require correction of the finding in a jury case at the request of the adverse party to state that they are facts which the party not only offered evidence to prove but claims he has proven. The changes in the finding sought by the appellant fall within this principle.

There is error and a new trial is ordered.

In this opinion the other judges concurred.