RUSSELL ATKINSON *vs.* ABRAHAM MOLSTEIN ET ALS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued March 3d—decided April 7th, 1937.

*Charles A. Watrous* and *James W. Cooper,* with whom was *DeLancey Pelgrift,* for the appellants (defendants).

*Jeremiah D. Shea,* with whom was *David E. Fitz-Gerald, Jr.,* and, on the brief, *John Clark FitzGerald,* for the appellee (plaintiff).

HINMAN, J.   Portsea Street in New Haven runs substantially east and west and West Water Street intersects and crosses it at approximately right angles. Portsea Street west of West Water Street is thirty-two feet four inches wide, between curbs, and east of that street forty-nine feet eleven inches.   A single trolley track is located in its approximate center.   West Water Street north of Portsea Street is forty-one feet six inches wide between curbs.   On June 24th, 1935, the plaintiff, employed as a Western Union messenger, riding a bicycle easterly on Portsea Street and then turning left to proceed northerly on West Water Street was in collision with the automobile of the named defendant at a point near the northerly line of the intersection of the two streets and sustained injuries for which he seeks recovery.

These injuries included a brain concussion which caused loss of his memory of all of the events immediately preceding and attending the collision.   He therefore was unable to testify as to his course of conduct prior to the impact, and the only witness called

by him pertaining thereto saw him only as he was about making the turn, and did not witness the actual collision. When he first saw the plaintiff the latter was headed easterly on Portsea Street between the trolley track and the northerly crosswalk across West Water Street, then turned northerly toward the latter street. A large truck of the defendant Diamond Ginger Ale, Inc., was parked on the westerly side of West Water Street, at or near the corner. There was evidence that the Molstein car was on its own right (westerly) side of this street, and that the plaintiff's bicycle struck the right side of this car, not further forward than the rear portion of the front door, and there was no evidence to the contrary.

The defendants evidently claimed under their motion to set aside the plaintiff's verdict, as they do upon this appeal from denial of that motion, that the plaintiff did not sustain his burden of establishing due care on his part, on the contrary that the jury could not reasonably have found otherwise than that he was guilty of contributory negligence, and that the defendants were not shown to have been negligent, but even if they were so found, such negligence was not a proximate cause of the plaintiff's injuries.

We agree with the view of the trial court, indicated in the memorandum of decision, that the position of the truck, parked in violation of a city ordinance and therefore negligently, per se, obscured the vision of the driver of the Molstein car as to traffic approaching from the right, on Portsea Street, that, on the evidence, Molstein might reasonably be held negligent in, notwithstanding, "pressing forward" into the intersection without sounding his horn, slackening his speed, or having his car under proper control, and that the jury might reasonably have found that these

negligent acts and omissions were a proximate cause of the collision.

As to the conduct of the plaintiff the trial court observed: "It may be so that he cut the corner and was negligent because of the violation of a rule of the road," but held that the jury were warranted in finding that his negligence was a "condition only" and not a proximate cause of the accident. We are unable to concur in the latter conclusion. Upon the evidence before it we do not see how the jury could reasonably have found otherwise than that the plaintiff violated the statutory rule of the road (General Statutes, § 1639, Cum. Sup. 1935, § 636c) requiring that any person shall, at an intersection, keep to the right of the center of the intersecting highways when turning to the left, and at all other times when within any intersection keep to the right of the center line of the highway along which he is proceeding. None of the witnesses placed the plaintiff other than on the northerly, his left, side of the center of Portsea Street from the time he was first observed until the collision and there is no indication, evidential or inferential, of a keeping to the right of the center of the intersection. Failure to comply with this rule was negligence. *England* v. *Watkins Bros., Inc.,* 122 Conn. 1, 6, 186 Atl. 484.

Consideration of the undisputed surroundings and situation as disclosed by the testimony and the exhibits definitely indicates that if the plaintiff had kept to his right of the center of Portsea Street until he had passed the center of the intersection, even if the Molstein car had continued at the same speed and in the same course (to its right of the center of West Water Street), the plaintiff would have passed out of its path before it reached the zone in which he might lawfully travel, i. e. southerly of the center of

Portsea Street. Instead, upon all of the testimony, including that of the only eyewitness called by him, he appears to have pursued a diagonal course northerly, on his left side of Portsea Street and toward or into his left side of West Water Street, passed closely in front of the parked truck which obscured his view of traffic approaching from the north and ran against the side of the Molstein car. The negligence of the plaintiff therefore continued down to the moment of the impact and the jury could not reasonably have concluded that it was other than a substantial factor in producing his injuries. *England* v. *Watkins Bros., Inc.,* supra, p. 6; *Orsillo* v. *Russo,* 113 Conn. 727, 729, 156 Atl. 862.

There is error and a new trial is ordered.

In this opinion the other judges concurred.