MRS. ELWOY F. CARLIN *v*. PAUL G. HAAS.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued May 16—decided June 26, 1939.

*Roger W. Davis,* with whom was *Douglas Wright,* and, on the brief, *William S. Locke,* for the appellant (defendant).

*Harry M. Albert,* with whom was *Michael V. Blansfield,* for the appellee (plaintiff).

BROWN, J. This action arose out of an accident in which an automobile driven by the plaintiff, after proceeding westerly on Cutler Street in Watertown, turned left to go southerly on Main Street when it collided in the southwest quarter of the intersection with the defendant's car which he was driving easterly on Cutler Street. The material facts, most of which it is not necessary to detail here, are fully set forth in our opinion upon the first appeal in this case reported in 124 Conn. 259, 199 Atl. 430. We there held that upon the facts found the plaintiff was negligent as a matter of law, and that the court's conclusion to the contrary was erroneous. We further observed at page 265: "Had the trial court found that although the plaintiff was negligent her negligence was not a substantial factor in bringing about her injury, it would not have barred a recovery." Incident to its decision now appealed from, the conclusions of the trial court, among others, were that: the plaintiff's failure to see the defendant's car until the moment of collision was negligence, but that this negligence upon her part was not a substantial factor in producing her injuries; the plaintiff had the right of way which the defendant failed to grant her; and the defendant's negligence was the proximate cause of the plaintiff's damage. The court accordingly rendered judgment for the plaintiff. The question determinative of this appeal is whether the court erred in rendering this judgment, implicit in

which is the conclusion that negligence of the plaintiff was not a proximate cause of the collision.

The plaintiff contends that the essential facts found are the same on the present appeal as on the former, and that therefore the statement above quoted is authority warranting this conclusion by the trial court. Although the defendant's appeal attacks the court's finding of subordinate facts, he is entitled to no correction thereunder. It is true that the present finding states that the plaintiff looked ahead as she drove up Cutler Street before entering the intersection and saw no car, a fact not found upon the first appeal, and further that this finding recites that the defendant approached the intersection at a moderate rate of speed instead of at a fast rate as found upon that appeal. Neither these nor any other differences in the facts found upon the two appeals, however, are such as to materially affect the question of whether the plaintiff's negligence was a proximate cause of the collision. The purport of our previous decision was that the plaintiff was guilty of negligence as a matter of law, and that since the trial court's erroneous conclusion that she was at all times in the exercise of due care had eliminated from its consideration the question of her negligence as a potential proximate cause of her injury barring recovery, the defendant was entitled to a new trial to permit the determination of this issue by the court. The language of the dictum in the opinion which we have quoted, in so far as it is open to the interpretation that on the same facts found the trial court would be warranted in concluding that negligence of the plaintiff was not a substantial factor in bringing about her injury, goes beyond the ratio decidendi and is not authority for the plaintiff's claim. The question before us must be determined in accord with the legal

principles established by repeated decisions of this court as applied to the record now before us.

The plaintiff entered the intersection at a speed of ten miles per hour, shifted to second speed, and keeping on her right side of Cutler Street, after passing to the right of the center of the intersection turned left to proceed southerly on Main Street. She then had at least half of the street which was twenty-six feet in width to travel before getting out of the intersection, and the defendant's car was at that time fifty or sixty feet west of the intersection approaching at a moderate speed. The plaintiff continuing in second speed and directing her eyes southerly instead of westerly toward the defendant's car, gave her attention to the operation of her car and proceeded on southerly until the cars collided at a point south of the center of the southwesterly quarter of the intersection. Upon these facts the probability that her continuing across would result in a collision was so clear, that the further conclusion of the court that "the plaintiff having entered the intersection and turned as aforesaid reasonably believed that it would not involve a risk of collision for her to proceed through the intersection," is unsupported by the subordinate facts and cannot stand. That aside, the belief of the operator as to the risk of a collision is not the test. The driver of a car approaching an intersection must give a car approaching it from his right "the right to cross the intersection before him, if a man of ordinary prudence in his situation, in the exercise of due care, would reasonably believe that if the two automobiles continued to run at the rate of speed at which they were then running, such continuance of their course would involve the risk of a collision." *Neumann* v. *Apter*, 95 Conn. 695, 701, 112 Atl. 350. As we said in our opinion upon the previous appeal (p. 264), in addition to stating the

general rule: "Where two cars approach an intersection proceeding in opposite directions and the driver of one intends to turn to his left around the center of the intersection to enter a street which crosses the one upon which he is proceeding, the risk of collision arises when he turns to enter that street. If at that time a car is approaching from the opposite direction under circumstances which to a reasonable man would indicate the danger of collision, the approaching car has the right of way."

In driving her car across in front of the defendant's car as she did with no right of way in herself and in violation of the right of way of the defendant, the plaintiff was guilty of negligence. Proceeding in second gear and at a speed apparently under ten miles an hour, it is manifest that the plaintiff could have stopped within a very short space. Under these circumstances, having failed to do so and having continued on as she did until the impact, her negligence was an active cause in the production of the collision. Where a plaintiff has "continued as an active agent in producing the conditions under which his injury was received down to the time of its occurrence, . . . he is, by acts of his volition, bringing into the situation which confronts the defendant changed conditions and, in the fullest sense, co-operating with the latter in bringing about the ultimate result. In such case his conduct must be regarded as a concurring efficient cause." *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 121, 84 Atl. 301. Where a plaintiff, "before entering the zone of danger [from the defendant's automobile], although . . . about to enter it, continues on toward it, each advance that he makes is a new act of negligence on his part, and if injury results through his own negligence and that of another there can be no recovery, for each must be regarded as a proximate contributor to the in-

jury resulting from their concurrent negligence."
*Richard* v. *New York, N. H. & H. R. Co.*, 104 Conn.
229, 236, 132 Atl. 451; *Correnti* v. *Catino*, 115 Conn.
213, 221, 160 Atl. 892. Contributory negligence of the
plaintiff which continues " 'down to the very moment
of the accident' " is a substantial factor in producing
his damage barring recovery. *England* v. *Watkins
Brothers, Inc.*, 122 Conn. 1, 6, 186 Atl. 484; *Atkinson*
v. *Molstein*, 122 Conn. 611, 615, 191 Atl. 344. As a
matter of law the plaintiff's conduct in usurping the
defendant's right of way here was negligence which was
a proximate cause of the collision, barring recovery
upon her complaint. On the previous appeal, that the
plaintiff's negligence in failing to see the defendant's
car until the moment of the collision constituted negli-
gence as a matter of law, as stated at page 265 of the
opinion, afforded a sufficient basis for that decision
granting a new trial. While that statement might well
have gone further to include also the plaintiff's negli-
gence in violating the right of way rule, the fact that
it did not cannot restrict the scope of the present
appeal. The court erred in rendering judgment for the
plaintiff on the complaint.

Notwithstanding the defendant had the right of way,
the court's conclusion that he was negligent is war-
ranted upon the facts found, which are sufficient to
indicate that in continuing on his course he failed to
operate his car as a reasonably prudent person with the
knowledge that he had the right of way would operate
his car under like circumstances. *Jackson* v. *Brown*,
106 Conn. 143, 146, 137 Atl. 725. The court did not err
in rendering judgment for the plaintiff on the counter-
claim.

There is error, and the case is remanded to the Su-
perior Court with direction to enter judgment for the

defendant on the complaint and for the plaintiff on the counterclaim.

In this opinion MALTBIE, C. J., and AVERY, J., concurred.

HINMAN, J. (dissenting). As the opinion holds that no corrections of the finding are to be made, the crucial question is whether, upon the facts found, the contributory negligence of the plaintiff can be held, as matter of law, and contrary to the trial court's conclusion, to have been a proximate cause of her injury. The principal test is whether, under all the circumstances, viewing the occurrence in retrospect, her conduct in proceeding through the intersection "would naturally or could reasonably be expected to cause a collision." *Estabrook* v. *Main,* 110 Conn. 271, 275, 147 Atl. 822. It appears from the facts found that when the plaintiff turned around the center of the intersection she had only half of the width of Cutler Street (thirteen feet) to traverse before passing out of the intersection; the defendant was fifty to sixty feet away when the plaintiff turned but continued at the same moderate rate of speed, had ample room and opportunity to pass to the rear of her car but did not change his course and failed to have his car under control. The defendant saw the plaintiff turn "and should have acted accordingly." *Estabrook* v. *Main,* supra, 275. Substantial factor is "a matter for the judgment of the court and jury formulated after the event and, therefore, with the knowledge of the effect that was produced." Restatement, 2 Torts, § 433, and Comment (f), p. 1170. The trial court could well have regarded the conduct of the defendant after the plaintiff turned as constituting new negligence on his part and held, as a conclusion of fact, that this was the sole proximate

cause of the collision. *Nehring* v. *Connecticut Co.*, 86 Conn. 109, 119, 84 Atl. 310; *Smith* v. *Connecticut Ry. & Ltg. Co.*, 80 Conn. 268, 270, 67 Atl. 888.

In this opinion JENNINGS, J., concurred.