Harold Decker *v.* David W. Roberts

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued February 6—decided April 4, 1940.

*Lester W. Schaefer,* with whom, on the brief, was *Jonathan F. Ells,* for the appellant (defendant).

*Thomas J. Wall,* for the appellee (plaintiff).

BROWN, J. This action arose out of a collision between the automobiles of the plaintiff and defendant in the intersection of Colebrook Road and the Sandy Brook Road in Colebrook. The facts in evidence supporting the plaintiff's case are substantially as set forth in our opinion upon a prior appeal reported in 125 Conn. 150. Upon the retrial the jury rendered a verdict for the plaintiff, which the court refused to set aside and entered judgment for the plaintiff. The defendant has appealed from the denial of his motion to set aside the verdict and from the judgment.

These facts are undisputed: The defendant was driving his car north on Colebrook Road, which has a macadam surface twenty feet wide, with a three and one-half foot shoulder on the east and a six foot shoulder on the west. The plaintiff was driving west on the Sandy Brook Road, which has a dirt surface fourteen feet wide flaring to a maximum width of from twenty-eight to thirty-two feet, where it joins and terminates

in the east side of the Colebrook Road at approximately right angles. The plaintiff was intending to turn south on the Colebrook Road. At the southeast corner of the intersection is a bank six feet high. As the two cars approached the intersection, the speed of the defendant's car was at least twice that of the plaintiff's. The cars were in collision in the intersection and after the impact came to rest in the southwesterly portion of it.

As a defense against claimed negligence upon his part in the operation of his car, the defendant relied upon the plaintiff's contributory negligence, particularly in failing to "keep to the right of the intersection of the centers of such highways when turning to the left" as required by General Statutes, Cum. Sup. 1935, § 636c. The finding shows that the plaintiff's claims of proof were that he did keep to the right of the intersection of the centers, while the defendant's were, first, that he did not but instead cut the corner, and, second, that he continued on keeping his car at all times to the left thereof. The adoption by the jury of the defendant's first claim would determine that the plaintiff was negligent (*Decker* v. *Roberts,* 125 Conn. 150, 159, 3 Atl. (2d) 855; *Atkinson* v. *Molstein,* 122 Conn. 611, 614, 191 Atl. 344), and of the second, that this negligence constituted a substantial factor barring recovery. *Carlson* v. *Haas,* 126 Conn. 8, 14, 8 Atl. (2d) 530; *England* v. *Watkins Bros., Inc.,* 122 Conn. 1, 6, 186 Atl. 484; *Atkinson* v. *Molstein,* supra, 615. Whether or not the plaintiff did drive to the left of the intersection of the centers was therefore a vital issue in the case, and because of this the correct determination essentially involved therein of where this point was, was equally vital.

The court's failure to adequately charge the jury in respect to the principle to be used and the method to be

applied in determining the intersection of the centers
of these highways is assigned as error. The only men-
tion of this matter in the charge is limited to a state-
ment by the court that there was a dispute between the
parties as to where this point was, a reference to the
conflicting claims and evidence as to whether the plain-
tiff drove to the right or left of it as he emerged, and
the concluding remark that this "is one of the impor-
tant disputed facts in this case, which must be submit-
ted to you together with all the rest for your considera-
tion and decision." This failure of the court to give
the jury any rule or method for locating this essential
point, as well as the statement in its memorandum of
decision on the motion to set aside the verdict, that
"the court does not subscribe to the point that it was
incumbent upon it to define with meticulous exacti-
tude a method to locate the theoretical point," since
"the conflicting claims were stated and analyzed," in-
dicates its conception to have been that no such in-
struction was necessary. In this the court was in error.
While it was the province of the jury to find this point,
it could only be done "by the application of the method
of finding it as given by the court." *Hensen* v. *Con-
necticut Co.*, 98 Conn. 71, 74, 118 Atl. 464. The charge
given afforded no such method.

Where each of two intersecting highways has paral-
lel sides and so is of uniform width, the point of inter-
section of their centers is easily determined, being that
place where the mid-line of one drawn parallel to its
sides crosses the similarly drawn mid-line of the other.
In the case of a dirt road where there is nothing in the
nature of its construction or surface to indicate that
other than its entire width is open to travel, the edges
of the worked road constitute the bounds of the high-
way which are to be regarded in determining what is
the center of such highway at the intersection, be-

cause these edges are significant of the limits of the normal course of travel thereon. *Mathis* v. *Bzdula,* 122 Conn. 202, 206, 188 Atl. 264. In the case of a hard-surface road, however, it is the hardened surface which is intended for travel and the dirt shoulder is for emergency use only. *Kurtz* v. *Morse Oil Co.,* 114 Conn. 336, 340, 158 Atl. 906; *Mlynar* v. *Merriman & Sons, Inc.,* 114 Conn. 647, 651, 159 Atl. 658; *Minacci* v. *Logudice,* 126 Conn. 345, 11 Atl. (2d) 354. The course of traffic passing upon such a road at an intersection may normally be expected to be confined to this hardened surface. Therefore as to it the edges of the hardened surface constitute the bounds of the highway in so far as these are of significance in determining its center at the intersection. *Mathis* v. *Bzdula,* supra. See *Beck* v. *Sosnowitz,* 125 Conn. 553, 557, 7 Atl. (2d) 389. Accordingly, in the present case, there is no difficulty in locating the mid-line of the Colebrook Road, since the macadam which constituted its traveled portion had a uniform width of twenty feet between its parallel edges. A line extending along the middle of this portion and at all points ten feet from either edge is its "center" within the meaning of § 636c, supra.

Since the Sandy Brook Road did not have a uniform width, however, but flared out from its normal width of fourteen feet further to the east, to a total width of twenty-eight feet or more, where it joined the Colebrook Road, a different rule must be applied to ascertain its "center" under the statute. The defendant's claims of proof, undisputed by those of the plaintiff, and supported by the maps laid in evidence by the plaintiff, show that though the bounds of the Sandy Brook Road curve to the south and to the north respectively where it joined the Colebrook Road, the former curve was much the longer and more gradual while the latter almost approximated a right angle.

Under these circumstances, the "center" of Sandy Brook Road is to be determined by drawing a center line starting at the mid-point of this road where it begins to widen from its uniform width of fourteen feet, continuing that line so that at all points it would be equidistant from the edges of the road until that road merges into Colebrook Road and thereafter equidistant from lines representing the projection of the edges of the Sandy Brook Road into Colebrook Road upon substantially the same arc at which the edges meet it, until this center line intersects the center line of Colebrook Road. In view of the significance of this issue as presented on the record before us, the court's failure to instruct the jury in accord with this rule constituted reversible error.

This conclusion renders it unnecessary to consider the appeal from the denial of the motion to set aside the verdict. The other errors assigned as to the court's charge are without merit. While the complaint alleged a cause of action upon negligence and also upon wanton misconduct, the finding shows that the former only was relied upon at the trial. There was, therefore, no occasion for the submission of the interrogatory as to wanton misconduct, and it was within the discretion of the trial court to refuse to submit the other interrogatories.

There is error and a new trial is ordered.

In this opinion the other judges concurred.