HAROLD DECKER v. DAVID ROBERTS.

MALTBIE, C. J., BROWN, JENNINGS and DICKENSON, Js.[1]

Argued May 4—decided June 4, 1943.

---

[1] By agreement of counsel the case was argued before and decided by four judges.

*Lester W. Schaefer,* with whom, on the brief, was *Jonathan F. Ells,* for the appellant (defendant).

*Thomas F. Wall,* for the appellee (plaintiff).

BROWN, J. This case has been before us twice before, as appears in 125 Conn. 150 and 126 Conn. 478. Upon the first appeal we held that the court erred in refusing to set aside a verdict for the plaintiff predicated on the defendant's wanton misconduct. In the second we sustained the defendant's appeal because of the court's failure to give the jury any rule or method for determining the point of intersection of the centers of the two highways forming the intersection where the collision between the parties' automobiles occurred, out of which the action arose. The highways are Colebrook Road and the Sandy Brook Road in Colebrook. The accident happened in the forenoon of October 30, 1935. On the third trial the plaintiff had a verdict and the defendant has appealed from the court's denial of his motion to set it aside as against the evidence.

The jury might reasonably have found these facts material to the determination of the present appeal: The defendant was driving his car north on Colebrook Road, which had a macadam surface twenty feet wide, with a three and one-half foot shoulder on the east and a six-foot shoulder on the west. The plaintiff was driving west on the Sandy Brook Road, which has a dirt surface twelve feet wide flaring to a maximum width of from twenty-seven to thirty-two feet where it joins and terminates in the east side of the Colebrook Road at approximately right angles. The plaintiff was intending to turn south on the Colebrook Road. At the southeast corner of the intersection is a bank

five or six feet high. The plaintiff approached the intersection in his open Ford roadster at a speed of ten miles per hour and when the front of his car was three or four feet east of the Colebrook Road gave a signal by extending his left hand. He continued this signal as he drove out onto the Colebrook Road until just before the cars collided to the west of the center of that highway. Meantime the defendant was driving his car northerly on the Colebrook Road toward the intersection at an excessive rate of speed. He saw the plaintiff's car and signal in time to have stopped and granted him the right of way. He understood the signal as indicating that the plaintiff was going to stop and, swinging his car to his left side of the road, continued on in an effort to pass in front of the plaintiff's car to the west. The right side of the defendant's car came into collision with the left front of the plaintiff's car in the southwesterly quadrant of the intersection.

Without further detailing the facts it is sufficient for the purposes of this decision to state that the evidence amply warranted the jury in finding that the plaintiff had the right of way, that he was justified in proceeding into the intersection in the exercise of it and that there was negligence upon the part of the defendant which was a proximate cause of the collision. The defendant's vital contention is, however, that in driving through the intersection the plaintiff was negligent in failing to "keep to the right of the intersection of the centers of such highways when turning to the left," as required by General Statutes, Cum. Sup. of 1935, § 636c, and that this was a proximate cause of the collision, thus precluding recovery by reason of his contributory negligence. The questions of the precise location of the intersection of the centers under the rule which we stated at 126 Conn. 483, and of the

course taken by the plaintiff's car, were both essentially involved in determining whether he was negligent in this respect. The extent of variation permissible upon the evidence in the jury's finding as to the first, and the conflict of contradictory testimony to be resolved by it as to the second, afford a sufficient answer to the defendant's claim. But this aside, if the jury, as they could properly have done, found that the defendant was negligent as already stated, that he deliberately attempted to cut in front of the plaintiff instead of stopping as he could and should have done, and that he drove his car forward in disregard of the plaintiff's right of way, even if they found that the plaintiff failed to keep to his right of the intersection of the centers they could reasonably have found also that the collision would have occurred if he had kept to the right and therefore that his negligence in failing to do so was not a proximate cause of the collision. *Shaughnessy* v. *Morrison,* 116 Conn. 661, 665, 165 Atl. 553. "Recovery will not be prevented" where the plaintiff's act or omission complained of "did not enter into the occurrence producing his injury as a cause, either proximate or remote, and into this class fall those situations where the accident would have happened whether or not the act or omission had occurred." *Kinderavich* v. *Palmer,* 127 Conn. 85, 96, 15 Atl. (2d) 83; *Papineau* v. *Hefflon,* 118 Conn. 688, 171 Atl. 509; *Baum* v. *Atkinson,* 125 Conn. 72, 75, 3 Atl. (2d) 305. The facts above recited as to proximate cause clearly distinguish this case from those relied upon by the defendant: *Carlin* v. *Haas,* 126 Conn. 8, 14, 8 Atl. (2d) 530; *England* v. *Watkins Bros., Inc.,* 122 Conn. 1, 6, 186 Atl. 484; *Atkinson* v. *Molstein,* 122 Conn. 611, 615, 191 Atl. 344. In each of those cases the plaintiff's negligence continued oper-

ative as a causal factor to the instant of impact. As presented by the defendant's claims of proof there being considered, the same is true of the second appeal in this case, upon which the defendant also relied.

There is no error.

In this opinion the other judges concurred.