MARTIN A. LUTZEN, ADMINISTRATOR (ESTATE OF MARIE E. LUTZEN) *v.* HENRY JENKINS TRANSPORTATION CO., INC., ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued May 8—decided June 4, 1947

*Warren Maxwell,* with whom, on the brief, was *I. Oscar Levine,* for the appellant (plaintiff).

*Philip R. Shiff,* for the appellees (defendants).

DICKENSON, J. The plaintiff brought this action to recover damages for the death of his decedent caused by the claimed negligence of the defendants. He has appealed from a judgment on a verdict for the defendants on the sole ground of error in the charge concerning contributory negligence.

The plaintiff's claims of proof are as follows: Burnside Avenue in East Hartford runs substantially east and west, has a concrete surface and is fifty feet wide from curb to curb. Church Street intersects the avenue from the south. Hanmer Street intersects it from the north, opposite Church Street. The surfaces of all three streets are practically level. There are numerous stores and other business establishments on Burnside Avenue near the intersection, and there is considerable vehicle and pedestrian travel in the area. At the intersection is an overhead traffic light showing green and red. On the north side of Burnside Avenue immediately west of the intersection are, in the order named, a drugstore, a bakery, an empty store and a restaurant. Automobiles were parked close together on both sides of Burnside Avenue west of the intersection at the time in question. On Friday, June 22, 1945, between 5:30 and 5:40 p.m., the plaintiff's decedent, a high school girl seventeen years old, stepped from the curb on the north side of Burnside Avenue between two parked cars at a point in front of or somewhat to the east of the restaurant and proceeded south into the street to the southern edge of the parked cars

where she stopped, looked east and west and then proceeded to cross Burnside Avenue at a moderate pace. The traffic light at the intersection then showed green for north and south traffic. At this moment the defendant's tractor trailer truck, forty feet long with a weight of about twenty-five thousand pounds, approached and entered the intersection on Burnside Avenue from the east at a speed of twenty-five miles an hour against the red traffic signal. The plaintiff's decedent, without again looking to the east, and with her head tilted somewhat forward, took about three steps from the point beside the parked cars where she had stood and was struck and spun around by some portion of the right front fender of the truck at a point about fourteen feet from the north curb.

The defendants claimed to have proved that at the time of the accident it was daylight, the weather was clear and there was nothing to prevent the plaintiff's decedent from seeing the defendants' truck and that she walked forward into the side of it and at no time was she in front of it.

The plaintiff assigns error in the charge that if his decedent walked into the side of the truck as it was passing her she was guilty of contributory negligence as a matter of law. His principal contention is that the light was red for traffic on Burnside Avenue and green for north and south traffic and that his decedent might reasonably assume that no car would approach from the east through the red light. The trial court in its charge referred to the plaintiff's claim that the decedent was struck by the right front fender of the truck and to the defendants' claim that she had stepped into the side of the truck and then charged as follows: "If you should find

that Marie [the decedent] walked into the side of the truck as it was passing her, then I charge you as a matter of law that she was guilty of contributory negligence and that your verdict should be for the defendants."

While the fact, if the jury found it to be so, that the plaintiff's decedent walked into the side of the truck would be a factor in determining whether or not she was negligent and might be a material factor, the trial court was not justified in giving to it the controlling effect which it did in the charge. If the jury found that when she reached the southerly line of the parked cars she looked both ways, that the traffic light then showed red as regards cars proceeding westerly, that she started to cross, and that the defendants' truck approached through the intersection at a rate of speed many times greater than that at which she was walking, the question whether she was guilty of contributory negligence was one of fact for the jury. The approach of the truck under these circumstances and at this speed might well have been so unforeseen as to make it at least a question for the jury whether she should have seen it in time to have avoided walking into it. These facts would also serve to distinguish this case from those relied upon by the defendants.

The cases furnish little assistance other than to indicate that each case must be decided upon its own facts. The authorities furnish no basis for a fixed rule that under any and all circumstances such conduct is negligence. *Puza* v. *Hamway,* 123 Conn. 205, 211, 193 A. 776, states a principle that is about as far as the courts may go: ". . . where upon the evidence the jury could not reasonably have found other than that the failure of the plaintiff under

such circumstances to see an approaching automobile and avoid it was negligence which was a contributory cause of the injury, the question is one of law for the court." See *Giannatasio* v. *Nealon*, 117 Conn. 696, 697, 169 A. 912; and *Skovronski* v. *Genovese*, 124 Conn. 482, 484, 200 A. 575.

It is of course true that one must make a reasonable use of his senses in order to avoid danger. This involves a mental process, however, and the attention required is proportioned to the danger reasonably to be apprehended. The jury could have found that the defendants' truck was proceeding contrary to law and custom through a red light. Whether the plaintiff's decedent was guilty of contributory negligence in not discovering this and avoiding collision with it was a question of fact for the jury and not one of law for the court. This conclusion renders it unnecessary to consider the remaining assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion MALTBIE, C. J., BROWN AND ELLS, Js., concurred.

JENNINGS, J. (dissenting). The charge that if the decedent walked into the side of the truck she was guilty of contributory negligence as a matter of law is held erroneous. In the following illustrative cases, error was found because plaintiffs' verdicts were not set aside. It was held that the evidence showed that the plaintiffs were guilty of negligence as a matter of law. *Seabridge* v. *Poli*, 98 Conn. 297, 301, 119 A. 214; *Hizam* v. *Blackman*, 103 Conn. 547, 131 A. 415; *Boscarello* v. *New York, N. H. & H. R. Co.*, 112 Conn. 279, 285, 152 A. 61; *England* v. *Wat-*

*kins Bros., Inc.,* 122 Conn. 1, 6, 186 A. 484; *Atkinson* v. *Molstein,* 122 Conn. 611, 615, 191 A. 344; *Carlin* v. *Haas,* 126 Conn. 8, 14, 8 A.2d 530 (trial to the court); see also *Suga* v. *Haase,* 95 Conn. 208, 110 A. 837; *Paskewicz* v. *Hickey,* 111 Conn. 219, 221, 149 A. 671; *Piscitello* v. *New York, N. H. & H. R. Co.,* 116 Conn. 638, 641, 166 A. 61; *Muse* v. *Page,* 125 Conn. 219, 223, 4 A.2d 329; *Ferino* v. *Palmer,* 133 Conn. 463, 467, 52 A.2d 433. It seems to me that these cases show that there still is such a thing in Connecticut as contributory negligence as a matter of law and that the trial judge was right in charging the jury that, if the decedent walked into the side of the truck, which was as big as a house, on the afternoon of a clear summer day, she was guilty of that conduct.