## SHEILA J. TEMPE *v.* JEFFREY GIACCO ET AL.

| SUPERIOR COURT | JUDICIAL DISTRICT OF NEW HAVEN | FILE NO. 187818 |
| --- | --- | --- |

Memorandum filed December 22, 1981

*Luby, Olson, Mango & Gaffney,* for the plaintiff.

*Gordon, Muir & Foley,* for the defendants.

HADDEN, J. This is an action for negligence in the operation of a motor vehicle brought by a passenger, Sheila J. Tempe, against the owner of the vehicle, George J. Giacco, and the operator, Jeffrey Giacco. The vehicle did not collide with anything. The plaintiff's injuries were allegedly caused by her being thrown out the right door as the vehicle made a left turn. The door allegedly opened as a result of a defect

in the lock of the door. She also claims that the accident occurred because the driver operated the vehicle at an excessive speed while making a sharp left turn.

The defendants allege, by way of an amended special defense, that the plaintiff failed to wear an available seat belt after being warned not to lean against the right door. The plaintiff is now moving, pursuant to Practice Book § 152, to strike the special defense on the ground that it does not include sufficient facts to raise a valid defense.

The allegations of the special defense, read as a whole, claim that the plaintiff was contributorily negligent for failing to wear a seat belt at the time of the accident. When raising the defense of contributory negligence, the defendant must set forth the specific acts of negligence relied upon. *Goodman* v. *Norwalk Jewish Center, Inc.,* 145 Conn. 146, 148–49, 139 A.2d 812 (1958). Unless the defendant alleges sufficient facts from which the essential elements of contributory negligence may be reasonably inferred, the special defense is vulnerable to a motion to strike. See *Warner* v. *Liimatainen,* 153 Conn. 163, 167, 215 A.2d 406 (1965).

The majority of jurisdictions which have ruled on the issue have held that the failure of an occupant of a motor vehicle to wear an available seat belt is not, by itself, legally sufficient to support the defense of contributory negligence. See generally annot., 95 A.L.R.3d 239; annot., 92 A.L.R.3d 9. Two principal reasons are given in support of this holding. The courts have noted, first, that under ordinary conditions of travel the nonuse of a seat belt does not amount to a breach of the standard of care legally required of passengers of motor vehicles. See *Delott* v. *Roraback,* 179 Conn. 406, 414–15, 426 A.2d 791 (1980); *Remington* v. *Arndt,* 28 Conn. Sup. 289, 291–92, 259 A.2d 145 (1969). They have also rea-

soned that such an omission is not ordinarily the proximate cause of a plaintiff's injuries. See *Melesko* v. *Riley,* 32 Conn. Sup. 89, 90, 339 A.2d 479 (1975).

Breach of duty and proximate cause are essential elements for a claim of contributory negligence. See *Hoelter* v. *Mohawk Services, Inc.,* 170 Conn. 495, 501–503, 365 A.2d 1064 (1976); Prosser, Law of Torts (4th Ed. 1971) § 65, pp. 416–17. The defendants argue that they have, however, in their special defense, alleged sufficient specific circumstances for a jury reasonably to find that the plaintiff's failure to wear a seat belt was negligence, and that this omission was the proximate cause of her injuries.

In Connecticut, the standard of care required of the passenger of a motor vehicle as a matter of law is that of a reasonable and ordinarily prudent person under similar circumstances. *Guarnaccia* v. *Wiecenski,* 130 Conn. 20, 23, 31 A.2d 464 (1943). While our Supreme Court has held that a passenger is not ordinarily under a duty to foresee that the vehicle he is in may be involved in an accident, it has added that reasonable care may require a passenger to take steps for his own safety when travel conditions are unusual enough to alert a reasonable person of impending danger. *Guarnaccia,* supra, 22–23. Thus, a passenger who knows or reasonably should know that the driver is speeding must take precautions, such as protesting to the driver. *Tracy* v. *Welch,* 109 Conn. 144, 148, 145 A. 662 (1929).

The defendants have alleged that the plaintiff was warned "not to lean up against the passenger door" of the vehicle. This allegation sufficiently raises the issue of whether a reasonable person would, under the circumstances surrounding the accident, have fastened her seat belt. The plaintiff argues that the special defense is insufficient for failing also to allege that the driver warned her to put on the seat belt, or that the plaintiff had the opportunity to put it on be-

tween the time she was warned of the door and the time of the accident. What type of conduct was reasonable under all the surrounding circumstances, however, and whether the plaintiff displayed such conduct are questions for the trier of fact. *Cappiello* v. *Haselman,* 154 Conn. 490, 495, 227 A.2d 79 (1967).

The plaintiff contends that even if her failure to wear a seat belt can be found to be negligence, such an omission by her could not have been the proximate cause of her injuries. In order to hold a party liable for a negligent act or omission, such conduct must have contributed to the happening of the act or event which caused the injuries, and not merely have contributed to the severity of the injuries sustained. *Decker* v. *Roberts,* 130 Conn. 174, 177, 32 A.2d 651 (1943); *Mahoney* v. *Beatman,* 110 Conn. 184, 147 A. 762 (1929).

On a motion to strike, the trial court must treat all well-pleaded facts as admitted, and construe the allegations most favorably to the nonmoving party. *Stowe* v. *Smith,* 184 Conn. 194, 196, 441 A.2d 81 (1981). The defendant has alleged that the plaintiff fell out the right door of the vehicle because her seat belt was not fastened. This allegation is sufficient to raise the factual issue of whether the plaintiff's negligence contributed to the happening of the occurrence which resulted in the plaintiff's injuries. If this claim is proven, then, it, as a matter of law, could have been a contributing cause of her falling out the door of the vehicle.

For the forgoing reasons the plaintiff's motion to strike the special defense is denied.