[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the Court on plaintiff's motion to strike defendant's special defense of contributory negligence.
The Court is required to accept the facts alleged and to construe them in the manner most favorable to the pleader.
In this case, the plaintiff alleges that as a passenger in a motor vehicle driven by one Frank Volpe, he was injured when the vehicle struck a utility pole. Paragraph seven of the complaint alleges that:
 "The injuries and losses suffered by the plaintiff, Christopher Ratnecht, were caused by the carelessness and negligence of the underinsured motorist, Frank Volpe, in that he:
 (a) violated Section 14-218a of the Connecticut General Statutes, travelling too fast for conditions;
 (b) failed to keep his car under proper control;
 (c) failed to apply brakes in time to avoid the collision;
 (d) failed to turn so as to avoid the collision;
 (e) failed to exercise reasonable and proper control;
 (f) failed under all the circumstances then and there existing to take reasonable and proper precautions to avoid the possibility of harm to the plaintiff."
In his amended special defense, the defendant pleads that the plaintiff was contributorily negligent by virtue of having failed to take any action to protect himself from harm when he knew, or should have known of Volpe's negligence. It is the special defense which the plaintiff now seeks to CT Page 9111 strike.
Our Supreme Court in Clarke v. Connecticut Co.,83 Conn. 219, 224, has stated that ". . . under extreme and particularized circumstances, there may be a very limited duty required of a passenger in an automobile `to look out for threatened or possible damages, and to warn the driver of such after discovery.'" A succession of cases following Clarke appear to have followed the same principal of law. Boscarello v. N.Y.N.H. H.R. Co., 112 Conn. 279 (1930); Tracy v. Welch, 109 Conh. 144 (1929); Dennison v. Klotz, 12 Conn. App. 570,577-78 (1987).
In Dennison, supra, at page 578, the court very clearly set out the present law when it stated that "Clarke and its progeny suggest . . . that a passenger who fails properly to carry out this very limited duty may be barred from or limited in (his) recovery under the doctrine of contributory or comparative negligence.
The defendants have alleged that the plaintiff's failure to act was a substantial factor in causing the vehicle to strike the utility pole. "This allegation is sufficient to raise the factual issue of whether the plaintiff's negligence contributed to the happening of the occurrence which resulted in the plaintiff's injuries." Tempe v. Giacco, 37 Conn. Sup. 120,123, 442 A.2d 948 (1981). If this claim is proven, then it, as a matter of law, could have been a contributing cause of the vehicle striking the utility pole.
Motion to strike is denied.
MIHALAKOS, JUDGE