[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
I. ISSUE
The issue presented in the plaintiffs' motion to strike is CT Page 6645 whether the defendant has sufficiently alleged extreme and particularized circumstances which would provide the second special defense that the plaintiffs were contributorily negligent in that they failed to be watchful and warn the driver of any impending dangers.
II. FACTUAL BACKGROUND
On July 9, 1996, Dianne Fredericks, Marie Bouchard, and Heather Fredericks, filed a six count complaint in negligence and recklessness against the defendant, Doris Golde. The complaint alleges that on January 28, 1995, a motor vehicle driven by the defendant collided with the vehicle in which Dianne Fredericks, Marie Bouchard, and Heather Fredericks were traveling. Marie Bouchard and Heather Fredericks were passengers in the vehicle driven by Dianne Fredericks. Dianne Fredericks, Marie Bouchard, and Heather Fredericks claim that they have suffered personal injuries as a result of the defendants negligence and/or recklessness.
On September 9, 1996, the defendant filed an answer and two special defenses alleging contributory negligence. The defendant's first special defense is directed at Diane Fredericks. The defendant's second special defense is directed at Marie Bouchard and Heather Fredericks.
On September 10, 1996, Marie Bouchard and Heather Fredericks (the plaintiffs) filed a motion to strike the defendant's second special defense along with a supporting memorandum of law. On September 25, 1996, the defendant filed a memorandum of law in opposition to the motion to strike. This motion to strike was argued at short calendar on September 30, 1996.
III. STANDARD
The function of a motion to strike "is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.)RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 384,650 A.2d 153 (1994); Practice Book § 152. "[A] plaintiff can [move to strike] a special defense. . . ." Nowak v. Nowak, 175 Conn. 112,116, 394 A.2d 716 (1978); Practice Book § 152(5).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted.) Mingachos v. CBS, Inc.,
CT Page 6646196 Conn. 91, 108, 491 A.2d 368 (1985). When reviewing a motion to strike, the "trial court must take the facts to be those alleged in the [attacked pleading] . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted.)Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149
(1990). When ruling on a motion to strike the court must construe the facts most favorably to the nonmoving party. NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). "In determining whether a motion to strike should be granted, the sole question is whether, if the facts alleged are taken to be true, the allegations provide a cause of action or defense." County Federal Savings Loan Assn. v. EasternAssociates, 3 Conn. App. 582, 585, 491 A.2d 401 (1985). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman,221 Conn. 465, 472-73, 604 A.2d 814 (1992). Practice Book § 164 defines the parameters of a valid special defense and provides in pertinent part that "[n]o facts may be proved under either a general or special denial except such as show that the plaintiff's statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged."
IV. DISCUSSION
The defendant alleges in her second special defense that the plaintiffs Marie Bouchard and Heather Fredericks were contributorily negligent in that they failed to be watchful and warn the driver of any impending danger.
The plaintiffs move to strike this defense on the grounds that passengers in a motor vehicle have no duty to warn the driver about possible dangers except under extreme and particularized circumstances, and, that the defendant has not sufficiently alleged any extreme and particularized circumstances. The defendant responds that the plaintiffs' motion to strike should be denied because the defendant has raised the issue of plaintiffs' contributory negligence in the above mentioned special defenses.
"Negligence is a breach of duty." (Internal quotation marks omitted.) Gordon v. Bridgeport Housing Authority, 208 Conn. 161,171, 544 A.2d 1185 (1988). "The elements of a cause of action for negligence are duty, breach, causation and damages." Coste v.Riverside Motors, Inc., 24 Conn. App. 109, 112, 585 A.2d 1263
CT Page 6647 (1991). "The existence of a duty of care, an essential element of negligence, is a matter of law for the court to decide." Burns v.Board of Education, 228 Conn. 640, 646, 638 A.2d 1 (1994). "Only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Shore v. Stongington,187 Conn. 147, 151-52, 444 A.2d 1379 (1982). "The standard of care owed by the passenger of a motor vehicle is that of a reasonable and ordinarily prudent person under similar circumstances." Caciopoliv. Acampora, 30 Conn. App. 327, 332, 620 A.2d 191 (1993). "Unless the defendant alleges sufficient facts from which the essential elements of contributory negligence may be reasonably inferred, the special defense is vulnerable to a motion to strike." Tempe v.Giacco, 37 Conn. Sup. 120, 121, 442 A.2d 947 (Super Ct. 1981); citing Warner v. Liimatainen, 153 Conn. 163, 167, 215 A.2d 406
(1965).
"A gratuitous passenger, in no matter what vehicle, is not expected, ordinarily, to give advice or direction as to its control and management. To do so might be harmful rather than helpful. . . . It cannot be said, therefore, that in every case, and all the time, it is the duty of a gratuitous passenger to use his senses, or to look and listen in order to discover approaching vehicles or other dangers, or that his failure to do so would be a failure to exercise due care." Clarke v. Connecticut Co., 83 Conn. 219, 223-24,76 A. 523 (1910); see also Boscarello v. New York, N.H. H.R.Co., 112 Conn. 279, 283, 152 A. 61 (1930); Marks v. Dorkin,105 Conn. 521, 525, 136 A. 83 (1927). Nonetheless, "under extreme and particularized circumstances, there may be a very limited duty required of a passenger in an automobile to look out for threatened or possible dangers, and to warn the driver of such after their discovery." (Internal quotation marks omitted.) Dennison v.Klotz, 12 Conn. App. 570, 577-78, 532 A.2d 1311 (1987), cert. denied, 206 Conn. 803, 535 A.2d 1317 (1988). "Thus, with respect to a passenger's duty to warn the driver about possible dangers, the rule in Connecticut is that ordinarily there is no duty imposed upon a passenger to warn the driver; however, under extreme and particularized circumstances, such a duty may arise." Simon v.Barratt, Superior Court, judicial district of New Haven at New Haven, Docket No. 335424 (December 16, 1994, Zoarski, J.); citingDennison v. Klotz, supra, 12 Conn. App. 577-78.
The Connecticut Supreme Court has recognized three circumstances as sufficiently extreme and particularized to permit the jury to consider whether a reasonably prudent passenger would CT Page 6648 have warned the driver. Simon v. Barratt, supra. These three circumstances occur where "the passenger's presence in the vehicle may obstruct the driver's view of a car or other approaching vehicle; Clarke v. Connecticut Co., supra, 83 Conn. 223-24; where the passenger knows that the driver is operating [the vehicle] negligently or [the driver's] negligent conduct is so apparent that [the passenger] ought to have known it . . . .; Tracy v. Welch,109 Conn. 144, 148, 145 A. 662 (1929); Boscarello v. New York. N.H. H.R. Co., supra, 112 Conn. 283; Duffy v. Bishop Co.,99 Conn. 573, 579, 122 A. 121 (1923); and where the passenger knows about surrounding dangers and realizes that the dangers may very well go unnoticed by the drive. Boscarello v. New York, N. H. H.R. Co.,
supra, 284-85." (Internal quotation marks omitted.) Simon v.Barratt, supra. Therefore, the trial court must determine whether the defendant has alleged facts demonstrating an extreme and particularized circumstance that would impose upon the plaintiffs (passengers) the duty to warn the driver about the approaching vehicle. Simon v. Barratt, supra; see Clark v. State,28 Conn. Sup. 398, 401, 263 A.2d 366 (Super Ct. 1970) (The plaintiff's demurrer to the defendant's special defense alleging that the plaintiff (passenger) was contributorily negligent was sustained where the defendant failed to allege both a negligent act and an unusual circumstance.)
In the present case, the defendant has alleged no facts which demonstrate extreme and particularized circumstances. The special defense does not allege facts demonstrating that the plaintiffs obstructed the driver's vision; the special defense does not contain allegations that the driver's operation of the car was so apparent that the plaintiffs ought to have known of it; and there is no allegation that the plaintiffs knew of a surrounding danger the driver may not have noticed. The defendant merely alleges conclusions of law in the special defense. Because the defendant alleges no facts that demonstrate an extreme and particularized circumstance that would impose a duty upon the plaintiffs to warn the driver, the motion to strike the special defense will be granted.
CONCLUSION
Based on the foregoing, the plaintiffs' Motion to Strike (#106) is granted.
So ordered. CT Page 6649
MICHAEL HARTMERE, JUDGE