VIETTA WALSH, P. P. A., *vs.* RALPH S. STUDWELL.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

A photograph of an automobile, taken after a collision, is not admissible to prove that a break in the car disclosed by the picture might have been in existence before the collision and might have caused it, in the absence of other evidence tending to support the claim.

Statements made by the defendant at a coroner's hearing concerning the details of an automobile accident were admissible against him in a civil action for damages arising out of the same occurrence.

The trial court refused a request to instruct the jury that by making the defendant her own witness, the plaintiff in a general sense vouched for his good character and was bound by his testimony fairly given and not otherwise controverted or contradicted. *Held* that, though the request was a correct statement of the law, the refusal to grant it was not reversible error, since the record failed to show that it was applicable to the situation before the court and since the credibility of the witness, as well as the finding of the facts, was left to the jury under appropriate instructions.

Argued November 10th, 1926—decided January 11th, 1927.

ACTION to recover damages for personal injuries, alleged to have been caused by defendant's negligence, brought to the Superior Court in Fairfield County and tried to the jury before *Nickerson, J.;* verdict and judgment for the plaintiff for $425, and appeal by the defendant. *No error.*

*Russell Porter Clark,* for the appellant (defendant).

*Jackson Palmer,* with whom was *Daniel E. Ryan,* for the appellee (plaintiff).

PER CURIAM. The injuries for which the plaintiff sues to recover damages resulted from the collision of the automobile of Turner, in which plaintiff was riding as a passenger, with that of Studwell, the defendant, on the Boston Post Road in Stamford.

Plaintiff claimed the collision was caused by the negligence of defendant, while defendant claimed it was due to the negligence of Turner and the plaintiff. Only reasons of appeal one, four and five are pursued. The defendant offered in evidence a photograph of Turner's car, taken after the accident, in order to prove that there was a break in the car which might have been in existence before the accident and have been responsible for Turner's having lost control of the steering apparatus and thus may have caused the collision. The court admitted the photograph to show the condition of the iron plate which had been welded to the steel frame supporting the engine and body of the car, but excluded it for any other purpose. No evidence had then been offered and none was thereafter offered, so far as the record of this ruling shows, tending in any way to prove that the break claimed to be shown upon the car had been made prior to the collision, or that it might have tended to cause the collision. The court excluded the offer for this purpose because it was pure speculation. The ruling was correct. Without this foundation the offer was inadmissible, since the photograph by itself did not tend to prove the purpose of the offer.

The plaintiff introduced as a witness in her behalf Turner, and upon his direct examination inquired of

him whether he had heard the defendant, in his testimony before the coroner, say what he was doing and where he had come from and where he was going at the time of the collision. To this inquiry defendant objected. The court overruled the objection upon the ground that the declarations of the defendant relative to the matter in controversy were admissible. The ruling obviously rested upon the principle that the declarations of the defendant were admissions and therefore deemed to be relevant facts as against him. *Hartford Bridge Co.* v. *Granger,* 4 Conn. 142; *Hope* v. *Valente,* 86 Conn. 301, 85 Atl. 541; *Perry* v. *Simpson Waterproof Mfg. Co.,* 40 Conn. 313.

Defendant requested the court to instruct the jury: "By calling the defendant to the stand and making him her own witness, the plaintiff in a general sense vouched for his good character. Where his statements were made fairly and the facts to which he testified are not otherwise controverted or contradicted, they must be considered as binding upon her. In this connection you should consider all the evidence and believe that which you find to be most credible under all the circumstances." The court did not so charge in language or substance. The first two sentences of the request complied with our law. *McCue* v. *McCue,* 100 Conn. 448, 453, 123 Atl. 914. So far as the record evidences, the testimony of the defendant when called as a witness was both controverted and contradicted. Further, the record fails to show that this request was applicable to the situation before the court. Under these circumstances it cannot be held that the failure to comply with this request to charge was reversible error, especially in view of the fact that the court left the credibility of the witnesses, as well as the finding of the facts, to the jury under appropriate instructions.

There is no error.