NELLIE SMITH *vs.* THEODORE J. HIRSCHBERG ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 9th—decided December 7th, 1933.

*DeLancey S. Pelgrift,* for the appellants (defendants).

*Leslie N. Davis,* for the appellee (plaintiffs).

PER CURIAM. The appellant contends that the verdict should have been set aside because, he claims, the plaintiff's evidence and the physical facts disclosed contributory negligence in that she should have seen the defendant's car approaching before she entered the intersection of Van Buren Avenue and Union Park Street in Norwalk, in which the collision between her car and that of the defendant occurred. Dependence is placed upon a mathematical calculation based upon assumptions including that the point from which the plaintiff claimed to have looked down Van Buren Avenue was at a "Stop" sign on Union Park Street twenty-seven and one-half feet east of the center of the intersection, that traffic on the avenue was visible from that point southerly at least two hundred and sixty feet, and that she did not stop at or near the sign but continued into the intersection at fifteen miles per hour. It is argued from these premises that the plaintiff's claim that the defendant's automobile was not in sight when she looked involves a rate of speed on his part which would be incredible and impossible, that he must have been in sight approaching the intersection, and if the plaintiff had looked as she claimed, she was negligent in failing to see him. The evidence for the plaintiff was to the effect that she came to a full stop several feet east of the sign, as the view down the avenue from points further west was obstructed by parked cars, looked down the

avenue and saw no car approaching, started in low gear, afterward shifting to second, and had attained a speed of not more than fifteen miles per hour, when, beyond the center of the intersection, a rear wheel of her car was struck by the left end of the defendant's bumper. If the jury accepted this version, as they were entitled to do, the inference advanced by the defendant is deprived of essential elements of support and a conclusion would be warranted that the defendant, if traveling at the speed testified to by the plaintiff's witnesses, might well have come into sight after the plaintiff looked.

The specific instructions as to the several applicable statutes were prefaced by a general statement, applied to all, that to prevent recovery by the plaintiff or satisfy the requirements for recovery from the defendant, negligence through failure to comply with any standard of conduct imposed by them must be found to have entered into the accident as a substantial factor. It was not necessary to repeat and specially apply, in the charge, this qualification as to each statute, particularly to that requiring each driver to keep to the right of the center of the intersection as the appellant claims. There is nothing in the claims of proof, by which we must judge the charge, which calls for any discussion of the effect which a situation of emergency might have as excusing compliance with the requirements of the statute. With reference to the portion of the charge quoted in the last assignment of error, we are satisfied that it could not have been understood by the jury, as the defendant maintains, as withdrawing from them the question of causal connection between the back injury of which the plaintiff complains and the accident and leaving them to determine only as to its seriousness.

There is no error.