PAULINE WEINER *vs.* E. M. LOEW'S ENTERPRISES, INC.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 7th—decided December 3d, 1935.

*Louis Y. Gaberman,* for the appellant (defendant).

*S. Burr Leikind,* for the appellee (plaintiff).

BANKS, J. The defendant operated a moving picture theater in Hartford. A flight of stairs led from the street to the main auditorium of the theater. The stairs as well as the floor of the auditorium were covered with carpeting in three sections; one section covered the orchestra floor and aisles, one section covered the stairway up to a point three inches beyond the nosing of the top landing, and a third piece, about a foot wide, was sewed to the stair carpet and to the carpet on the orchestra floor. Three inches back of the nosing of the top landing was a seam where this strip was sewed to the stair carpet. This seam was hand sewed, the hand sewing being superimposed over an old sewing which left the seam more or less bulky and

uneven, and there was a very slight difference in height between the area of the one foot strip of carpet and the seam three inches from the nosing. As the plaintiff was leaving the theater and had proceeded to the top of the stairway the heel of her left shoe caught in the hand stitched seam of the carpet causing her to fall. The trial court found that the defendant was negligent in maintaining this seam in the carpet at this point, and that this negligence was the proximate cause of the plaintiff's injuries.

The defendant claims that the plaintiff produced no evidence of an unsafe condition of the carpet at the time of her fall. The plaintiff accompanied by a civil engineer visited the theater about three weeks after her fall to observe the condition of the carpeting at the point where her heel had caught, and they both testified, apparently without objection, as to the condition of the carpet at that time. The defendant's contention is, not that the existence of the seam did not render the carpet unsafe, but that proof of its existence three weeks after the accident was not proof of its existence the night of the plaintiff's fall. Here, so far as appears, no objection was made to the evidence on the ground that it did not appear that the condition testified to was the same as that existing on the date of the accident. The manager of the defendant theater, called as a witness, testified as to the time when the carpet had been laid before the accident and that no change had been made in it until a considerable time after the engineer had examined it. He also stated that he did not know whether any stitching had been done at the place where the plaintiff fell. In view of the fact that he knew of the plaintiff's fall immediately after it occurred and, according to the testimony of the engineer, gave permission to him to examine the carpet and take pictures, the court might reason-

ably conclude that, had any repairs been made after the accident, he would have known of it and from his failure to testify that it had been repaired before the examination by the engineer, the court might reasonably have inferred that the condition had not been changed in that interval.

The defendant's manager was called as a witness by the plaintiff, and upon cross-examination testified that the carpet at the point where plaintiff fell was at that time reasonably safe for use. The defendant claims that, having called this witness to the stand, the plaintiff has vouched for his good character, and that his statements are binding upon her. While the plaintiff could not impeach the character of a witness called by her, his testimony was not binding upon her, and she was at liberty to prove by other witnesses that the fact was otherwise. *McCue* v. *McCue,* 100 Conn. 448, 453, 123 Atl. 914. The statement of the witness was the expression of opinion upon a matter as to which he was obviously not called by the plaintiff to give testimony and which the trial court was obligated itself to determine upon the basis of all the evidence. The situation is not that referred to in *Walsh* v. *Studwell,* 105 Conn. 453, 455, 135 Atl. 554, upon which the defendant relied, where the statements of a witness called by a party are as to facts not otherwise controverted or contradicted.

For the first time in this court defendant makes the claim that there was a material variance between the allegations and the proof as to the specific cause of the plaintiff's fall. The claim comes too late. A party cannot take advantage in this court of a claim of variance which was not urged in the court below. *Chinigo* v. *Ehrenberg,* 112 Conn. 381, 383, 152 Atl. 305; *Antinozzi* v. *Pepe Co.,* 117 Conn. 11, 13, 166 Atl. 392.

The defendant makes the further claim that there

was no evidence to support the conclusion of the trial court that it was negligent in having the carpet at the point where plaintiff fell hand stitched instead of machine stitched. There was evidence that the hand sewing of the seam superimposed over the old sewing left it bulky and uneven. The court could reasonably find that this rendered the carpet unsafe, that the defendant might have used carpeting which was machine sewed before it was laid, and that it was negligent in permitting this unsafe condition to exist.

There is no error.

In this opinion the other judges concurred.