ESTHER INGENERI *v.* ARTHUR MAKRIS ET AL.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON and WYNNE, Js.

Argued April 6—decided May 17, 1944.

*Julius B. Schatz,* with whom were *Arthur D. Weinstein* and, on the brief, *Edward Seltzer,* for the appellant (plaintiff).

*James W. Carpenter,* for the appellees (defendants).

JENNINGS, J. This case involves the collision of two automobiles at an intersection in Hartford. The plaintiff has appealed from the denial of her motion to set aside the verdict for the defendants and from the judgment, claiming that there was error in the charge and finding.

The jury could reasonably have found the following facts: Ashley Street, thirty-four feet wide, runs east and west and crosses Sigourney Street, thirty-six feet wide, at right angles. Sigourney Street is a through street and there are stop signs controlling traffic on Ashley Street. The intersection is substantially level and paved with black asphalt. On April 5, 1941, at about 4:40 o'clock in the afternoon the plaintiff was riding as a passenger in an automobile owned and operated by a friend, Freeman Cleveland. This automobile was proceeding easterly on Ashley Street. The defendants'

truck was being driven north on Sigourney Street; its speed was reduced on approaching the intersection and it started through. As the truck entered the intersection the Cleveland car was approaching but had not reached the stop sign located nineteen and a half feet west of the west curb of Sigourney Street. It entered the intersection at fast speed and ran into the left front of the truck. The collision occurred in the southeast quadrant of the intersection when the truck had gone almost halfway through. The truck driver knew that there were stop signs on Ashley Street requiring traffic on that street to stop before entering the intersection and that Sigourney Street was a through street. He did not see the Cleveland car until just before it struck the truck. The plaintiff was seriously injured. The due care of the plaintiff and the agency of the truck driver were admitted.

Even if the truck driver should have seen the Cleveland car sooner, the jury could have found that he would have had a right to assume that it would stop at the sign and would yield the right of way. See *Murphy* v. *Adams,* 99 Conn. 632, 637, 122 Atl. 398; *Peckham* v. *Knofla,* 130 Conn. 646, 651, 36 Atl. (2d) 740; General Statutes, Cum. Sup. 1939, § 123e (c). The jury could reasonably have found from these facts that the accident was solely due to the negligence of Cleveland. The court was not in error in refusing to set aside the defendants' verdict.

The plaintiff's claims of proof differed from the foregoing statement of facts in the following particulars: She claimed that Cleveland stopped at the stop sign, entered and had nearly passed through the intersection when his car was violently struck on its right front by the truck of the defendants; that the driver of the truck was negligent; and that even though Cleveland may have been negligent the plain-

tiff's injuries were caused by the concurrent negligence of the two drivers. She further claimed that the physical facts proved the truck driver to have been negligent as a matter of law.

The defendants' claims of proof were substantially as set forth in the statement of facts above. Their claim throughout was that the accident was caused solely by the negligence of Cleveland and that no negligence of the truck driver was a substantial factor in causing the plaintiff's injuries. The only correction in the finding to which the plaintiff is entitled has been made.

The plaintiff assigned as error the following sentence from the charge: "In this case there have been statements received, either in other trials or at a time out of court, but that kind of evidence is restricted to its effect upon the credibility to be accorded the testimony here in this trial, and not to be taken as evidence in support of any of the issues in the case." It is said in the briefs that the statements received during the trial and referred to in the charge were both admissions by the defendants and statements of witnesses out of court. The charge correctly defined the effect of the latter but the admissions of the defendants were relevant to prove the facts admitted. *Walsh* v. *Studwell*, 105 Conn. 453, 455, 135 Atl. 554. An examination of the claims of proof, by which alone the correctness of the charge is to be tested (*State* v. *Hayes*, 127 Conn. 543, 583, 18 Atl. (2d) 895), discloses that the only admission by the defendants referred to therein related to the admitted fact that the collision took place somewhere in the southeast quadrant. The error was harmless. See *Cone* v. *Cullen*, 108 Conn. 126, 131, 142 Atl. 674.

The plaintiff also assigned as error the charge of the court with reference to the respective duties of

drivers at an intersection, containing the following instruction: "If you find that the car that the plaintiff was riding in, or the defendants' car, had reached the intersection and had already passed a considerable distance through it before or at the time the other had reached the line of the intersection in the direction from which he was approaching it, then the vehicle so within and a substantial distance through it had the right of way over the other, and it was the duty of the other to give it to him so that he might pass through safely." The charge also included the relevant statutes, further application thereof to the facts and what has come to be the standard charge stating when automobiles may be said to be arriving at an intersection at approximately the same time. *Neumann* v. *Apter,* 95 Conn. 695, 700, 112 Atl. 350. So far as the charge suggests that the right of way is acquired by the car first entering the intersection, it is erroneous. *Hall* v. *Root,* 109 Conn. 33, 36, 145 Atl. 36; *Rode* v. *Adley Express Co., Inc.,* 130 Conn. 274, 279, 33 Atl. (2d) 329. Reasonable apprehension of collision on the part of the driver approaching from the left, as defined in the cases cited above, is the test. *Pizzarello* v. *Sheldon,* 130 Conn. 643, 645, 36 Atl. (2d) 376. *Peckham* v. *Knofla,* supra, does not hold to the contrary. Testing the charge by the claims of proof, however, it was too favorable to the plaintiff, whose whole case was based on her claim that the car in which she was riding entered and had nearly passed through the intersection before the truck reached it. The charge could not have prejudiced her. *Weller* v. *Fish Transport Co., Inc.,* 123 Conn. 49, 56, 192 Atl. 317; Conn. App. Proc. § 21.

The plaintiff also complained of the charge on concurrent negligence and on the inference deducible from the failure of a party to call a witness, because it

failed to lay down a rule by which the conduct of the ordinarily prudent man is to be measured, and included statements inapplicable to the facts in issue. As to the last claim, such incidental statements as were made can rarely be, and were not here, a basis for the finding of harmful error. *Kulinski* v. *Savin,* 125 Conn. 512, 514, 7 Atl. (2d) 436; Conn. App. Proc., p. 82, note 24. There is nothing in these assignments of error which requires discussion. The charge read as a whole was adequate to lay before the jury the applicable rules of law and explain the manner in which they should be applied to the facts.

There is no error.

In this opinion the other judges concurred.