REINHART WEIMER *v.* THE BROCK-HALL DAIRY COMPANY ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued October 3—decided November 30, 1944.

*J. Kenneth Bradley,* with whom was *Henry J. Lyons,* for the appellants (defendants).

*James C. Shannon,* with whom was *Charles A. Donadeo,* for the appellee (plaintiff).

BROWN, J. On the afternoon of May 3, 1941, the plaintiff was injured when the truck which he was operating northerly on Warren Street in Bridgeport collided with the defendant Dairy Company's truck as it was driven westerly on Prospect Street by the defendant Guilmette. The plaintiff had judgment, and the defendants have appealed, assigning error in the court's denial of their motion to set aside the verdict, in its charge to the jury, in its denial of the defendants' motions for a mistrial and in its failure to correct the finding. The defendants claim that the verdict should have been set aside because as a matter of law the plaintiff was contributorily negligent in failing to see the defendant company's truck at any time before the collision and yield the statutory right of way to it.

Warren Street runs north and south and Prospect Street east and west, the two streets intersecting each other substantially at right angles. Warren Street is thirty-three feet and Prospect Street thirty-one and two-tenths feet between curbs. Both Warren and Prospect Streets are straight and level in each direction for a distance of several hundred feet from the intersection. Adjoining the curb lines on both sides of each street are sidewalks, those on Warren Street being ten feet, and those on Prospect Street nine feet, wide. A wire fence enclosing a house lot on the southeasterly corner extends along the inside edge of the sidewalk on each street. Between the house and the corner of this fence are heavily foliaged lilac bushes. On Prospect Street twenty-one feet east from the easterly curb line of Warren Street and five and one-half feet from the wire fence at that point is a large elm

tree, the northerly side of which is practically flush with the southerly curb of Prospect Street. The truck driven by the plaintiff was twenty-two feet long. As it approached Prospect Street he reduced its speed, shifting from fourth or high to second gear, and, when about twenty feet south of the southerly curb line of Prospect Street extended, applied his brakes lightly so that upon reaching it the truck was proceeding at from ten to twelve miles per hour. These facts are not in dispute.

The jury could properly have found these further facts: As the plaintiff approached the corner and got where the tree would let him see a reasonable distance to the east, he looked right and left along Prospect Street and saw no vehicle approaching from either direction. Thinking he could cross in safety, he released his brakes and continued straight through in second gear at about ten miles per hour until the collision occurred. The plaintiff at no time saw the defendants' truck prior to the impact. At the time the plaintiff looked easterly along Prospect Street as above related, the defendants' truck was approaching the intersection from the east, traveling just north of the center line of the street, at a speed of around forty miles per hour. The defendant driver first saw the plaintiff's truck when he was a few feet east of the intersection. He immediately applied his brakes, causing skid marks from a point fifteen feet east of the intersection, but his truck continued straight on without perceptible reduction of its speed until its right forward part struck the right rear wheel of the plaintiff's truck, when it had nearly passed out of the intersection, at a point south of the northerly curb line of Prospect Street extended. As a result of the collision, each truck was turned part way around and came to rest from thirty to forty feet north of the point of impact. The plain-

tiff's truck rolled over onto its left side and the plaintiff was injured. The defendant driver was thrown out and landed thirty-nine feet away.

It is true that a seeming conflict appears in the plaintiff's statements as to the point at which he looked. He first intimated that it was as he was "coming to Prospect Street"; second, that it was when he got to the south curb; and finally that it was when he got to where he "could see beyond the elm tree." He further testified in connection with his second statement, however, that "you have got to get the front of my truck past the curb before you look up and down, which I did." There was also evidence indicating that his seat was ten feet back from the front end of the truck. The evidence is thus sufficient to resolve the apparent conflict so that the suggested finding as to where the plaintiff looked is warranted. While the highest speed of the defendants' truck explicitly testified to was about thirty-five miles per hour, the evidence of the effect which the application of the brakes had, of the length of the skid marks resulting and of the force of the collision as shown by what happened to the trucks and their drivers was ample to warrant a finding of a considerably higher speed.

Upon the facts which we have stated, it is manifest that from the time the plaintiff looked easterly along Prospect Street until the collision occurred his truck progressed between thirty and forty feet. Meantime the defendants' truck, approaching four times as fast, traveled from one hundred and twenty to one hundred and sixty feet. The jury, taking into consideration the fact that the speed of the defendants' truck was much greater than that of the one driven by the plaintiff, and the point of collision, might well have found that at the time he looked to his right along Prospect

Street his view of the truck was precluded by the large elm tree. Whether this conduct upon his part measured up to that of a reasonably prudent man under all of the circumstances presented a question for the jury to decide. See *Smith* v. *Hirschberg,* 117 Conn. 692, 169 Atl. 618; *Pizzarello* v. *Sheldon,* 130 Conn. 643, 36 Atl. (2d) 376; *Peckham* v. *Knofla,* 130 Conn. 646, 36 Atl. (2d) 740.

A further question is whether the plaintiff was negligent as a matter of law in failing to grant to the defendants' truck the right of way under the statute. The test is whether a man of ordinary prudence in such a situation in the exercise of due care would reasonably believe that if the two automobiles continued to run at the rate of speed at which they were then running such continuance would involve the risk of a collision, or that his automobile would cross the intersection in safety in front of the automobile approaching from his right. In the latter event the driver of the automobile from the left would not be negligent in crossing the intersection in front of the automobile approaching from the right. *Neumann* v. *Apter,* 95 Conn. 695, 701, 112 Atl. 350; *Hall* v. *Root,* 109 Conn. 33, 36, 145 Atl. 36. The test is an external one. Accordingly, the question is whether a man of ordinary prudence about to enter the intersection as the plaintiff did, and seeing the defendants' approaching truck, would reasonably believe that within the provisions of this rule he could drive across in front of it without risk of a collision. Having in mind the distance away the defendants' truck was, the difficulty of estimating its precise speed as it approached head-on, and the fact that the plaintiff's truck in fact failed by the fraction of a second only to get safely across, we cannot hold as a matter of law that a man of ordinary prudence could not have so believed. This

also presented a question for the jury's determination. That the jury could have found negligence by the defendant driver which was a proximate cause of the collision is not disputed. The court did not err in denying the defendants' motion to set aside the verdict.

The defendants' assignments of error attacking the court's charge are restricted primarily to the portion concerning the plaintiff's claimed negligence in violating the defendants' right of way. The foregoing recital of facts, plus claims of proof by the defendants that the point of collision was fourteen feet south of the north curb line of Prospect Street extended, that the defendants' truck approached the intersection at a speed of from ten to twelve miles per hour, and that the plaintiff's truck was moving at twenty-five miles per hour, affords a sufficient basis for testing the defendants' contentions. For reasons apparent from what we have said in connection with the court's refusal to set aside the verdict, the defendants were not entitled to the requested instruction that the plaintiff was negligent as a matter of law in failing to see the defendants' approaching truck before the impact. Neither were they entitled to their other requested instruction that, if the plaintiff as a reasonably prudent man should have seen the defendants' truck in time to have stopped or avoided the accident, his failure to do so would constitute contributory negligence barring recovery, for this would not be so if the jury found, as they well might have, that the plaintiff had the right to proceed. Furthermore, the request was properly and adequately covered by the charge as given. The court's charge upon the issue of right of way was fair, and carefully and correctly covered the principles involved. The assignments of error attacking it are without merit. They apparently have been predicated upon a misconception, as is indicated by

this statement of the issue in the defendants' brief: "Did the Court err in charging the Jury that the Plaintiff had the right to apply the rule of 'risk of collision' when the only reasonable conclusion to be drawn from the evidence and claims are proof that the Plaintiff never at any time saw the Defendant's vehicle?" As already pointed out, the test is external, not subjective; that is, the question is, what would a man of ordinary prudence in such a situation in the exercise of due care have seen and believed, not what did the plaintiff in fact see or believe. *Marfyak* v. *New England Transportation Co.*, 120 Conn. 46, 48, 179 Atl. 9. There was no error in the court's charge to the jury.

A police officer called by the plaintiff was asked on direct examination, relative to a call by the witness at Guilmette's home after the accident, "What did Guilmette say?" The witness, after stating, ". . . it is hard to explain it," when pressed for an answer finally answered: "Well, I handed him the summons . . . [and he said] 'I deserve it.' " The court's denial of the defendants' motion then made for a mistrial because of the reference made to the summons is assigned as error. This ruling was well within the court's discretion, and any possible harm must be assumed to have been obviated by its subsequent charge to the jury to disregard the evidence of the summons as entirely immaterial upon the issues before them. The same holds true concerning the denial of the defendants' motion for a mistrial because of the plaintiff's answer on direct examination that he had given a statement to "an insurance man." *Antel* v. *Poli*, 100 Conn. 64, 75, 123 Atl. 272.

There is no error.

In this opinion the other judges concurred.