Green Street and Franklin Street are intersecting public highways in New Haven, the former running in an easterly and westerly direction and the latter in a northerly and southerly direction. The width of both highways at and in the vicinity of their intersection is 33 feet. As of October, 1944, no traffic control in the nature of stop signs or overhead light was in existence at the intersection.
On the mid-afternoon of October 23, 1944, the plaintiff's car was being operated easterly on Green Street by her sister Margaret (agency conceded) and the defendant was operating his car southerly on Franklin Street. In approaching the intersectionthe plaintiff's car was to the right of the defendant'scar. The cars came into collision in the center of the intersection, *Page 294 
the right front of the defendant's car coming in contact with the left front of the plaintiff's car.
In this action the plaintiff seeks to recover damages for injuries sustained by her car. The plaintiff's allegations of negligence on the part of the defendant, recited in her complaint, are broad and comprehensive. In his answer the defendant denies the allegations of negligence and by way of special defense pleads that the plaintiff's operator was guilty of contributory negligence. Issue was joined upon the filing of a reply by the plaintiff denying matters alleged in the special defense. A cross complaint of the defendant was withdrawn before trial.
Upon the entire evidence in the case the court finds the following as subordinate facts:
1. The plaintiff's car approached the intersection and entered it a matter of moments before the defendant's car.
2. The defendant's car approached the intersection and entered it at a somewhat faster rate of speed than the plaintiff's car.
3. No horns were blown.
4. Because of the presence of a parked car at the northwest corner of the intersection the plaintiff's operator was unable to get a full view of vehicular traffic approaching the intersection from the north on Franklin Street (as was defendant's car, to her left), until the front part of the plaintiff's car was some few feet into the intersection.
5. When the plaintiff's operator first saw the defendant's car it was some few feet north of the northerly entrance of the intersection and the plaintiff's car was some few feet into the intersection but moving slowly.
6. When the defendant first saw the plaintiff's car it was entering the intersection and his car was some few feet north of the northerly entrance of the intersection.
7. Realizing that a collision was imminent the defendant attempted to apply his brakes but they were defective and did not take hold; simultaneously he swung the course of his car to the left to avoid an impact but to no avail. *Page 295 
8. The plaintiff's operator did nothing to avoid a collision; when she first saw the defendant's car she became confused, took her hands off the wheel and covered her face, fearfully awaiting developments and expecting the worst.
The following conclusions of fact have been reached:
9. At the outset the plaintiff's operator had the statutory right of way and the right to assume that it would be accorded her.
10. Had the defendant been in the exercise of reasonable care he would have had his car in such mechanical condition and under such control as to have accorded the plaintiff's car the right of way.
11. Had the plaintiff's operator been in the exercise of reasonable care she would have realized that the defendant would not or could not give her the right of way and that she could not reasonably assume that he would.
12. So also had the plaintiff's operator been in the exercise of reasonable care she could have avoided the collision in any event by applying her brakes (her car was moving very slowly), rather than do what she did, namely, take her hands off of the wheel and permit events to take their own course.
The following conclusions of law have been reached:
13. Both operators were negligent.
14. Their concurrent negligence was the proximate cause of the collision.
15. The defendant is entitled to judgment.
Comment A: No useful purpose would be served in discussing the scope of the "right of way" statute (Supp. [1939] § 544e) and the innumerable Supreme Court decisions commencing with Neumann vs. Apter (1921), 95 Conn. 695, up to and including Weimer vs. Brock-Hall Dairy Co. (Nov. 30, 1944), 131 Conn. 361. However, the opinion in the comparatively recent case of Service Fire Ins. Co. vs.Brodner, 130 Conn. 223, written by Chief Justice Maltbie, merits a specific citation, as does Ingeneri vs. Makris,131 Conn. 77 and Peckham vs. Knofla, 130 id. 646. The facts of the Service Fire case come close to the facts of the case at bar. That case would be authority for a plaintiff's judgment except for matters set out in paragraphs 8, 11 and 12, supra. *Page 296 
In any view of the case at bar the contributory negligence of the plaintiff's operator (agency conceded) is preclusive of her right to a judgment. "Contributory negligence of the plaintiff which continues `down to the very moment of the accident' is a substantial factor in producing his damage barring recovery." Carlin vs. Haas, 126 Conn. 8, 14. Note, also, observation on bottom of page 225 and top of page 226 of theService Fire case, supra, de aspects of contributory negligence and proximate cause as factors in the light of basic findings.
Comment B. Had the issues been resolved for the plaintiff on the liability aspects, full damages would have been awarded under her offer of proof at the trial.
 For reasons stated the issues are found for the defendant. Judgment will enter for the defendant to recover his costs.