SMITH, Appellant, v. ASPAAS, Respondent

(21 N. W.2d 878.)

(File No. 8817.   Opinion filed February 25, 1946.)

**Charles Lacey** and **Eileen Lacey,** both of Sioux, for Appellant.

**Davenport, Evans & Hurwitz,** of Sioux Falls, for Respodent.

SMITH, J.   This litigation arose out of a collision of motor vehicles at an intersection.   Verdict and judgment

were for defendant. The appeal is by plaintiff. The principal assignment deals with an alleged error in the court's instructions.

The collision occurred at the intersection of Cliff Avenue and 4th Street in the City of Sioux Falls just before six o'clock p. m. on January 23, 1945. The plaintiff came from the north along Cliff Avenue in a 1939 Chrysler. The defendant came from the east along 4th Street in a Ford truck: Cliff Avenue is paved and thirty-two feet wide. There was enough ice on the west half of the intersection to render it somewhat slippery.

Plaintiff testified: he was traveling south at a speed of fifteen miles per hour; he first saw defendant when defendant was about seventy-five feet and plaintiff was slightly more than that distance from the intersection; he observed the defendant traveling from that point and saw him slow down to a stop or almost to a stop just at the east line of the intersection; as defendant reached that position plaintiff was six to eight feet from the north line of the intersection advancing at the rate of fifteen miles per hour; he then looked west; when he looked back defendant was right upon him; and the front bumper of defendant's truck crashed into the left side of plaintiff's car, leaving marks extending backward from the rear of the front door. He further testified that defendant was traveling westward in the center of the street and that plaintiff was traveling south five feet west of the center line of Cliff Avenue at the moment of the impact; that plaintiff's car came to rest heading in a northeasterly direction with its rear wheels over the curb in the southwest corner of the intersection; and that defendant's truck continued straight west and stopped just west of the intersection.

Plaintiff and a policeman testified that defendant stated he was blinded by the sun and did not see plaintiff.

According to the testimony of defendant, he slowed down to two miles per hour as he reached the intersection; he looked north along Cliff Avenue "on an angle—about a hundred feet" and saw no car; he looked to the south and saw a car three hundred feet distance and decided he had

time to cross; he moved forward and as he reached the center line of Cliff Avenue he discovered plaintiff just entering the intersection from the north; he could not estimate plaintiff's speed but fixed his own speed at five miles per hour at the .time of the impact. Defendant does not deny that the impact was between his front bumper and the left side of plaintiff's car. He testified that the impact moved his car about two feet south, and turned his lights and bumper fastenings to the south, and that his car came to rest inside the intersection. He denied he had said that the sun had blinded him. He admitted the sun was bright and shining on his windshield, but denied that it interfered with his vision.

The complaint of the plaintiff alleged that defendant was negligent (a) in not yielding the right of way to plaintiff, (b) in not maintaining a proper lookout, and (c) in proceeding across the intersection while blinded by the sun. The answer and counterclaim of defendant denied the foregoing allegations of negligence and alleged that plaintiff (a) failed to maintain a proper lookout, (b) failed to keep his car under control, (c) drove at an excessive speed, (d) failed to yield the right of way to defendant, and (e) that plaintiff was guilty of more than slight negligence which contributed to his damage.

The eleventh instruction of the court reads as follows: "You are instructed that when two vehicles approach or enter an intersection at approximately the same time the driver of the vehicle on the left shall yield the right of way to the vehicle on the right except as otherwise herein stated. The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder. The driver of a vehicle approaching but not having entered an intersection shall yield the right of way to a vehicle within such intersection. If you find from the evidence that the truck driven by the defendant entered the intersection at which the accident occurred before the automobile driven by the plaintiff entered such intersection and that the defendant was driving at a lawful rate of speed then the defendant would not be liable in this case. If you find that the automobile driven by the plaintiff

entered the intersection at which this accident occurred before the truck driven by the defendant entered such intersection and that the plaintiff was driving at a lawful rate of speed then your verdict should be for the plaintiff."

To the foregoing instruction the plaintiff excepted for the reason "that said instruction incorrectly advises the Jury that the right of way between the plaintiff and defendant depended upon who entered the intersection first and deprived the plaintiff of the benefit of the rule that if the plaintiff and defendant entered the intersection at approximately the same time then the plaintiff had the right of way even though the defendant actually entered the intersection before him." Plaintiff urges that the instruction was particularly harmful because it is very probable that the truck of defendant did enter the intersection slightly in advance of the plaintiff.

██ The exception was well taken. That portion of the instruction which purports to make application of the abstract principles stated therein, advised the jury, without qualification, "If you find from the evidence that the truck driven by the defendant entered the intersection at which the accident occurred before the automobile driven by the plaintiff entered such intersection * * * then the defendant would not be liable in this case." The evidence warranted the inference that plaintiff and defendant approached the intersection at approximately the same time, but that in so doing the defendant entered the intersection first. The jury may well have understood the court to mean that even though the parties may have approached the intersection at approximately the same time, the defendant would not be liable in the action if he entered the intersection first. So understood, the instruction is erroneous.

It is provided by SDC 44.0318 that: "When two vehicles approach or enter an intersection at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right * * *."

██ If the vehicle on the right is traveling at a lawful speed, the test of the duty of the driver on the left to yield the right of way to the vehicle on the right, under

this statute, is whether both vehicles are approaching or entering the intersection at approximately the same time. Which car actually entered the intersection first is without legal significance in determining the right of way, if it appears that the vehicles approached or entered the intersection at approximately the same time. Zettle v. Lutovsky, 72 N. D. 331, 7 N. W.2d 180; Hall v. Root, 109 Conn. 33, 145 A. 36; Ingeneri v. Makris, 131 Conn. 77, 37 A.2d 865; Roellig v. Gear, 217 Wis. 651, 260 N. W. 232; Lee v. Chamberlin, 84 N. H. 182, 148 A. 466; Pickard v. Morris, 91 N. H. 65, 13 A.2d 609; White Dairy Co. v. Sims, 230 Ala. 561, 161 So. 812; and Fournier v. Zinn, 257 Mass. 575, 154 N. E. 268. Obviously, it follows that the trial court erred to the prejudice of plaintiff in advising the jury without qualification that defendant would not be liable if he entered the intersection first.

The defendant contends it to be established by the evidence as a matter of law, (1) that defendant arrived at the intersection sufficiently in advance of plaintiff to render inapplicable the right of way rule of SDC 44.0318, supra, and (2) that plaintiff was guilty of contributory negligence. Hence, he says, that plaintiff was not prejudiced by the court's quoted instruction. The evidence, we think, furnishes ample room for reasonable difference of opinion as to both of the foregoing premises. The contention does not merit discussion.

The judgment and order of the trial court are reversed.

All the Judges concur.

CASH, Circuit Judge, sitting for POLLEY, J.