[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Mine Hill Holding Corporation has appealed the denial of three subdivision applications by the defendant, New Milford Planning Commission. As the applicant, it is conceded that the plaintiff is aggrieved and is therefore entitled to appeal.
Sun Pond Woods is a residential subdivision consisting of 47 single-family residential lots approved by the New Milford Planning Commission (hereinafter "Commission") on August 20, 1987 (Record #62 and #62). At the time of approval lot no. 28 was eliminated and split with lots 27 and 26 because of very poor percolation and contours. The remaining lots were not renumbered. The sole means of access to the town road system for lots 46, 47, and 48, as shown on the approved subdivision plan is Mine Hill Road.
The approved subdivision plan (Record #62) shows that the remaining 44 lots have frontage on either one of two subdivision roads i.e. Sun Pond Lane or Beardsley Road both of which dead-end within the Sun Pond Woods subdivision. Sun Pond Lane intersects with Beardsley Road within the Sun Pond subdivision as shown on the approved subdivision plan (Record #62). Beardsley Road extends CT Page 10468 beyond the limits of the approved subdivision and intersects with Mine Hill Road as shown on Record #62. The only means of access in and out of Sun Pond Woods is via Beardsley Road.
At its meeting of March 4, 1993, the Commission denied an earlier application to resubdivide lots 4 and 5 in the Sun Pond subdivision and gave the following as one of its stated reasons (Record #24):
"This also takes into consideration the condition and carrying capacity of the surrounding roads, in that the road which serves the site also serves eight other existing and proposed roadways which, when completed, will serve approximately 60-70 lots, or more than three times the recommended number on this dead-end road; further, the inability to cut Beardsley Road through to the town roads of Bridgewater which further restricts access for emergency vehicles and thereby places undue burden upon New Milford in our efforts to protect the health, safety and welfare of our citizens and property."
At its meeting of November 18, 1993, the Commission received an application from Old Ridge Building Corp seeking permission to resubdivide lot 36, as shown on the ipproved(sublivi{ion plan (Record #6:), into two buildino lot{.
At that {ame mee|ing i.e. November 18, 1993, the Commission received a second application from the applicant seeking permission to resubdivide lot 39, as shown on the approved subdivision plan, into two building lots (Record #3.)
At its meeting of December 2, 1993, the Commission received at third application from the applicant seeking permission to resubdivide lots 4 and 5, as shown on the approved subdivision plan into four building lots (Record #1).
On January 20, 1994, the Commission held a public hearing on each of the above applications (Record #54). Notice of the public hearing was published in The New Milford Times on January 6, 1994 (Record #49) and January 13, 1994 (Record #50). The hearings on each of the above applications were continued to the evening of CT Page 10469 February 3, 1994 and thence to the evening of March 17, 1994 at which time the hearings were concluded (Record #57). A 30 day extension to complete the hearings had been granted to the Commission by the applicant on February 8, 1994 (Record #40).
At its meeting of May 5, 1994 the Commission by unanimous vote, denied each of the above applications and stated its reason for each denial. (Record #16). Notice of the decision of the Commission with respect to each of the above applications was published in The New Milford Times on May 12, 1994 (Record #51, #52, and
A reviewing court cannot substitute its judgment for the wide and liberal discretion vested in local zoning authorities when they have acted within their prescribed legislative powers. Courts must not disturb the decision of a zoning commission unless the party aggrieved by the decision establishes that the Commission acted arbitrarily or illegally. Burnham v. Planning ZoningCommission, 189 Conn. 261, 266 (1983).
There is a presumption that such a board as the planning commission has acted with fair and proper motives, skill and judgment. Strain v. Mims, 123 Conn. 275,285 (1937); Burlington v. Jencik, 168 Conn. 506,508-509 (1975). If it appears that the Commission has reasonably and fairly exercised its judgment after a full hearing, the trial court must be cautious about disturbing the decision of the authority. Raybestos-Manhattan,Inc. v. Planning Zoning Commission, 186 Conn. 466, 469 (1982).
In passing upon subdivision plans, the Commission is to be controlled by the regulations which it has adopted.Beach v. Planning Zoning Commission, 141 Conn. 78, 84
(1954). This court, in turn, has to decide whether the Board correctly interpreted the applicable regulation and applied it with reasonable discretion to the facts.Thorne v. Zoning Board of Appeals, 156 Conn. 619, 620
(1968).
Section 8-25 of the General Statutes provides, in pertinent part, as follows:
"No subdivision of land shall be made until a plan CT Page 10470 for such subdivision has been approved by the Commission. . . . Before exercising the powers granted in this section the Commission shall adopt regulations covering the subdivision of land. . .".
In passing upon plans, the Commission is controlled by the regulations which it has adopted. [Any]any subdivision plan which complies with those regulations must be approved; any subdivision plan which fails to comply with those regulations must be modified and approved or disapproved. Beach v. Planning Zoning Commission131 Conn. 79, 83; Langbein v. Planning Board, 145 Conn. 674,679; Westport v. Norwalk, 167 Conn. 151, 156.
Section 8-25 of the General Statutes further provides, in part as follows:
"Such regulations shall provide that the land to be subdivided shall be of such character that it can be used for building purposes without danger to health or the public safety, that proper provision shall be made for water, drainage and sewerage . . . and that proposed streets are in harmony with existing or proposed principal thoroughfares shown in the plan of development as described in § 8-23, especially in regard to safe intersections with such thoroughfares, and so arranged and of such width, as to provide an adequate and convenient system for present and prospective traffic needs. . . . The Commission may also prescribe the extent to which and the manner in which streets shall be grated and improved and public utilities and services provided. . . ."
Section 8-26 of the General Statutes provides in pertinent part, as follows:
"All plans for subdivision . . . shall be submitted to the Commission with an application in the form to be prescribed by it. The Commission shall have the authority to determine whether the existing division of any land constitutes a subdivision or resubdivision under the provisions of this chapter provided nothing in this section shall be deemed to authorize the Commission to approve any subdivision or resubdivision which conflicts with applicable zoning regulations. CT Page 10471
Section 5.03 D. of these regulations provides, as follows:
"Permanent or temporary dead-end streets may be permitted at the discretion of the Commission. They shall terminate in a turn-around 100 feet in diameter with a completely paved area 80 feet in diameter. The full width of the right-of-way shall be tended to the subdivision property line and shall be dedicated to the town. The town will require title to the segments of the turn-around outside the normal road right-of-way width. Title to such segments will revert to adjoining property owners when the road is extended. No dead-end streets shall service more than twenty lots not including corner lots at the entrance unless the Commission determines on the basis of facts before it, including but not limited to, the horizontal and the vertical geometry of the proposed dead-end street that it can accommodate a greater number of lots without endangering the public health, safety, convenience and welfare."
In its decision denying each of the resubdivision applications submitted to it, the Commission gave the following reasons which are set forth in Record #16 (Appendix pp. 2-4):
"1. Access to this property is via a dead end road, namely Beardsley Road. Section 5.03 D. of the subdivision regulations restrict the number of lots that may be served by a dead end street to 20 excluding corner lots unless, based on the facts before it, the Commission determines that it can safely accommodate a greater number. In approving the original subdivision an exception was made to approve a total of 45 lots.
"The application and two others pending before the Commission, if approved, would increase the number of approved lots in this subdivision by 4 or approximately nine (9%) percent. The Commission finds this is a significant increase in potential risks within Sun Pond Woods.
"2. This situation is exacerbated by the fact that two other subdivisions are served by dead end roads which are accessed from Beardsley Road. This adds 19 more lots CT Page 10472 to the total served by this dead end road.
"3. The applicant has not presented any convincing evidence that this dead end street can accommodate these additional lots without increased danger to the public safety and welfare.
"4. Neither this application or the other two pending applications make any provisions for improving access to the lots in this subdivision by providing alternative routes for emergency vehicles."
In its review of the subdivision applications presented to it for its approval, the members of the commission were entitled to rely on their personal knowledge concerning matters readily within their competence, such as traffic congestion, street safety and property values. Feinson v. Newtown ConservationCommission, 180 Conn. 421, 427.
Decisions of local commissions will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. Upon appeal, the trial court reviews the record before the commission to determine whether it has acted fairly or with proper motives or upon valid reasons. Since the credibility of witnesses and the determination of factual issues are matters solely within the province of the administrative agency, the court must determine the correctness of the conclusions from the record on which they are based. That record includes knowledge acquired by commission members through personal observation of the site. Where a zoning authority has stated the reasons for its action, a reviewing court may only determine if the reasons given are supported by the record and are pertinent to the decision. The Commission's action must be sustained if one of the stated reasons is sufficient to support it. The decision of the Commission will only be disturbed if it is shown that it was arbitrary, illegal or in abuse of discretion. Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47,49, 50.
Throughout the course of its entire review and discussion of the applications for resubdivision approval submitted to it by Old Ridge Building Corporation, the CT Page 10473 record discloses that the Commission was concerned about the public health and safety issues presented to it by each application. The applicant's position throughout the course of these proceedings has been that the addition of four new building lots to the existing approved subdivision cannot create any increased danger to the public health and safety of the residents who do reside and will reside within the Sun Pond's subdivision.
The history of zoning legislation indicates a clear intent on the part of the general assembly that subject to certain underlying principles the solution of zoning question is for local agencies. Eden v. Town Plan Zoning Commission, 139 Conn. 59, 62. The circumstances and conditions in matters of zone changes and regulations are peculiarly within the knowledge of the Zoning Commission. Where it appears that an honest judgment has been fairly and reasonably exercised after a full hearing, courts should be cautious about disturbing a decision of a local authority. Kutcher v. Town Plan Zoning Commission, 138 Conn. 705, 710. Courts must not and legally cannot substitute their own discretion for the wide and liberal discretion enjoyed by zoning agencies. Chouinard v. Zoning Commission, 139 Conn. 728,731.
The record in this case does afford a reasonable basis upon which the Commission could conclude that Beardsley Road, a dead end road, cannot safely accommodate any further increase in the number of building lots in the Pond Woods subdivision. Hence, it was entitled, pursuant to the provisions of Section 5.03 of the subdivision regulations to deny the instant applications.
A previous commission with different members working with a different set of facts determined on the basis of the information available to it at that time that Beardsley Road could safely accommodate 44 building lots in the Sun Pond subdivision. The application pending before the commission seeks to increase the number of approved building lots to 48. The present Commission members relying on the testimony presented to the mat the republic hearings and their own personal knowledge of the area which was disclosed to the plaintiff at the public CT Page 10474 hearings conducted on its resubdivision applications has determined that 44 building lots in the Sun Pond Woods subdivision is all that Beardsley Road can safely accommodate as the sole means of access to the town road system. Based upon this record, this court may not substitute its discretion for that of the Commission and finds that 48 building lots or some other number of building lots can be accommodated by Beardsley Road as their sole means of access to the town road system in a manner which would not endanger the public health and safety of the residents of the town of New Milford. The judgment made by the commission in this case was well within its discretion. The court finds from the record that the New Milford Planning Commission did not act illegally, arbitrarily or in abuse of the discretion vested in it in denying the various resubdivision applications submitted to it by the plaintiff and hence the appeal of the plaintiff is dismissed and judgment rendered for the defendant.
PICKETT, J.