[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO SET ASIDE THE VERDICTFOR A REMITTUR AND AMENDED MOTIONTO SET ASIDE THE VERDICT
The plaintiff instituted the present action seeking to recover monetary damages for personal injuries suffered as a result of a motor vehicle accident. The case was tried to the jury which found that the plaintiff sustained economic damages in the amount of $2,013.73 and non economic damages in the amount of $60,225.00 for total award of $62,238.73. The jury also found that the plaintiff was herself 25% negligent in causing the aforesaid damages and accordingly returned a verdict in favor of the plaintiff in the amount $46,675.05.
In his motion to set aside the verdict or for a remittur the defendant asserts that the verdict was against the evidence; that the verdict was excessive; and the court aired in refusing to CT Page 10651 admit certain evidence. With respect to the first claim, the plaintiff testified that she was exiting a driveway onto a main road when the defendant's vehicle passed through the red light at a high rate of speed. She testified that the plaintiff's vehicle zigzagged and struck her vehicle. The defendant, on the other hand, claimed that the plaintiff pulled out in front of him. Under such a state of facts the jury was entitled to find the defendant negligent and was also entitled to attribute some degree of comparative negligence to the plaintiff. Accordingly, the verdict rendered by the jury was not against the evidence.
The defendant also claims that the verdict was excessive. Following the accident the plaintiff was taken by ambulance to the hospital for a diagnosis of acute cervical strain was made. She under went treatment from an orthopedic physician who expressed the opinion that the plaintiff had a permanent partial disability of 5 to 6%. At the time of trial, the plaintiff had a life expectancy of 48.7 years and testified as to the effect of her injuries including continued pain and impairment of her ability to carry on certain activities.
With respect to a claim as to the size of a verdict, "[T]he only practical test to apply to a verdict is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, mistake and corruption." Childs v. Bainer, 235 Conn. 107 113-114 (1995). Applying the test set forth, there is no basis for finding the verdict to be excessive and likewise and no basis for the ordering of a remittur.
The defendant also claims that the court erred in refusing to permit the investigating police officer, on recross examination, to draw a diagram contained in his police report on the court room blackboard. The police officer had testified that he did know whether the vehicles had been moved before he arrived at the scene; he did not take measurements at the scene and he was not able to say exactly where the impact between the vehicles took place. He further testified that he did prepare a diagram. However the officer testified that he was unable to state whether the diagram contained in his report reflected where the vehicles came to rest after the accident or where the contact between the vehicles was made. He also testified that the diagram was prepared because he looked at the scene and relied upon the CT Page 10652 information given to him by the parties, without designation as to which party gave which information. In short, the defendant wanted the police officer to draw on a court room blackboard a diagram contained in his police report when the officer had testified that he could not state what that diagram represented. He testified that he did not know whether that the diagram represented the location of the vehicles when he arrived at the scene or whether the diagram represented the vehicles the position of the vehicles at some other time as related to him by others. Accordingly, the court was correct in not allowing the police officer to draw a diagram on the blackboard when the officer testified that he could not state what that diagram represented. See Terminal Taxi Co. v. Flynn, 156 Conn. 313,318-319 (1968).
At the argument of the motion to set aside the verdict, the defendant filed an amended motion to asserting to additional grounds to wit: 1) the plaintiff's claimed intentional and deliberate reference to the subject of insurance; and 2) there was a "relationship" between the firm of attorneys representing the plaintiff and a reporter for the Connecticut Post, unknown to the attorney for the defendant, and therefore a request is made to hold a hearing as to whether a juror, an employee of the Connecticut Post, was aware of the "relationship" whether that knowledge prevented him from being unfair and impartial juror.
Although no transcript was provided, the defendant claims that the plaintiff referred in her testimony to the giving of a statement to representative of a insurance company. The defendant claims that such action was deliberate and intentional. The court cannot find that any action by the plaintiff was either deliberate or intentional. There was no indication whether insurance representative was her own insurance company or that of the defendant. No motion to strike the testimony was made; no complaint was made during the course of the trial; no request for a cautionary instruction; no request to charge with respect to the issue, and the issue was not raised until long after the case was over. The inadvertent mention of insurance does not require a mistrial. Weimer v. Brock-Hall Dairy Co. 131 Conn. 361, 367
(1994); Antel v. Poli, 100 Conn. 64, 74-75 (1923).
The defendant also claims that a mistrial should be granted because a member of the jury was employed by the Connecticut Post and there was a "relationship" between a reporter for that newspaper and the firm of the plaintiff's attorneys. The most CT Page 10653 that can be said from the defendant's presentation is that a reporter for the Connecticut Post, who covers court related matters, has on occasion interviewed members of the firm of attorneys representing the plaintiff with respect to pending cases. Such facts do not establish, in the view of the court, a "prejudicial relationship" as claimed by the defendant. Even if juror misconduct were involved, and none is claimed here, the defendant would be required to demonstrate probable prejudice.Speed v. DeLibero, 215 Conn. 308, 313-314 (1990); see alsoWilliams v. Salamone, 192 Conn. 116, 122 (1984). The facts claimed by the defendant do not require a setting aside of the verdict.
Within 18 months of the date of the filing of the complaint the plaintiff filed an offer of judgment in the amount of $14,500.00 which was not accepted by the defendant. Accordingly, the plaintiff is entitled, pursuant to General Statutes §52-192a, 12% interest from the date of the filing of the complaint, October 27, 1993, to the date hereof (4 years and 289 days) in the amount of $26,838.76.
Accordingly judgment enter in favor of the plaintiff for the amount of the verdict together with judgment interest in the total amount of $73,513.81.
RUSH, JUDGE CT Page 10654