[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE VERDICT AND MOTION FOR AN ADDITUR
The present action arises out of a motor vehicle accident occurring on I95 in Bridgeport, Connecticut. The evidence established that a vehicle operated by Iris Sanchez, who did not participate in the trial, came to a stop on I-95. The plaintiff's vehicle either slowed or stopped and then was struck in the rear by a vehicle operated by Michael B. Egan and owned by the Greyhound Lines, Inc. (hereinafter referred to as the defendants).
The issues of liability and damages were contested, and the jury returned a verdict finding the following percentages of CT Page 10093 negligence which caused the injuries which arose out of the motor vehicle accident: plaintiff 35%; the defendants 20%; Iris Sanchez 45%. The jury returned a verdict for economic damages in the amount of $21,549.09 and non-economic damages in the amount of $5,000 for a total damage award of $26,549.09. Accordingly, the jury found the plaintiff recover of the defendants the sum of $5,309.93. (The parties waived the discrepancy in the multiplication.)
The plaintiff claims that the verdict should be set aside on the grounds that it was inadequate and has filed a motion for an additur. "The only practical test to apply to a verdict is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the case so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality mistake or corruption." Childs v.Bainer, 235 Conn. 107, 113-114 (1995). The nature and extent of the injuries were contested, and under the applicable standard, the court cannot state that the jury were influenced by partiality, mistake or corruption.
The plaintiff also claims that the court erred in admitting into evidence a surveillance video tape which had not previously been disclosed. However, the plaintiff points to no interrogatory or discovery proceeding, or other form of procedure, that would have called for the defendant to reveal the existence of a video tape. Accordingly, the admission of that tape was not error on that ground.
During the course of the testimony, a psychiatrist, testifying on behalf of the defendant, made what the parties agreed to be an "inadvertent" reference to worker's compensation. The inadvertent mention of insurance does not require a new trial. Weimer v. Brock-Hall Dairy Co., 131 Conn. 361, 367
(1994) . The plaintiff did not request any instruction on the issue, and the court does not believe the inadvertent reference was harmful to the plaintiff in the light of the evidence produced.
The plaintiff also claims that the percentages of responsibility between the plaintiff, the defendants and Iris Sanchez was against the weight of the evidence. There was considerable testimony during the course of the trial concerning the facts surrounding the accident itself. The existence of CT Page 10094 negligence and the apportionment of responsibility is peculiarly a factual question, and the court is not at liberty to disturb the jury' s verdict when there is evidence to support the apportionment made by the jury.
The plaintiff also claims to be entitled to a new trial based upon the argument of defense counsel. Prior to the trial, the court granted a motion in limine with respect to certain statements contained in a medical report by a witness retained by the defendants. During the course of the argument, counsel for the defendants, inappropriately made reference to the fact that certain "evidence" had been excluded pursuant to the objections by the plaintiff. The court sustained the plaintiff's objection to the line of argument and advised the jury that they should not consider anything that has been excluded from testimony. There was no motion for mistrial made at that time nor was there any request for the court to give any additional curative instructions. Under such circumstances, the court believes that the curative instructions and the general charge to the jury was adequate to insure a fair trial.
Accordingly, the Motion to Set Aside the Verdict and the Motion for an Additur are hereby denied.
RUSH, J.